**Charles Eugene MORRIS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Nos. 45606, 45607.**

Court of Criminal Appeals of Texas.

July 28, 1972.

Sam A. Maida, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Calvin Botley and Allen McAshan, Asst. Dist. Attys., and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

These appeals are taken from a joint trial in which appellant plead guilty to

the charge of forgery of a credit card in Cause No. 45,607, punishment being assessed by the court at 4 years; and in which the trial court revoked appellant's probation in Cause No. 45,606 and sentenced him to 3 years for the offense of passing a forged instrument.

The record reflects that appellant was convicted on April 23, 1971, for the offense of passing a forged instrument. Punishment was assessed at 3 years and appellant's application for probation was granted. One of the conditions of probation was that appellant commit no offense against the laws of this state, or any other state, or of the United States. Thereafter, on June 16, 1971, the state filed a motion to revoke probation, alleging that on or about May 24, 1971, appellant had committed the offense of forgery of a credit card (the offense to which he pleaded guilty herein). Appellant was indicted for this offense on August 12, 1971.

Among the instruments executed by appellant with regard to the two causes now before us, we find the following:

(1) a waiver of appellant's right to trial by jury in our Cause No. 45,607 (the plea of guilty) signed by appellant, his attorney, an attorney representing the state, and approved in writing by the trial judge.

(2) a stipulation of evidence in our Cause No. 45,607, in which appellant waived the appearance of witnesses, his right to confront and to cross-examine these witnesses, and his right against self-incrimination, in which appellant confessed to the facts of the offense as charged in the indictment, and which was signed by appellant and his attorney but was not signed by the trial judge.

(3) a written stipulation with regard to the revocation of probation hearing, our Cause No. 45,606, in which appellant confessed that he had forged the charge slip in question and which was signed by appellant and his attorney and approved in writing by the court.

On September 1, 1971, a hearing was held in both these causes. At such hearing, appellant entered a plea of guilty to the forgery of a credit card. He was duly admonished concerning the nature and consequences of his plea, and both he and his attorney orally agreed to the use of documetary evidence, including statements of the witnesses.

Appellant contends that the trial court committed reversible error "in that it did not approve in writing the stipulation of evidence . . . by failing to place his signature on said stipulation as required in Article 1.15 of Vernon's Annotated Code of Criminal Procedure." He argues that the evidence is therefore insufficient to support the conviction.

 Appellant took the stand at the hearing and acknowledged that he had voluntarily signed, with advice of counsel, the two stipulations in which he confessed that he had committed the act which forms the basis of the indictment and the state's motion to revoke probation. Since the stipulation with regard to the revocation matter was in proper form and was before the court, the court could permissibly take judicial notice of its own records. 1 McCormick & Ray, Texas Evidence 2d, Sec. 185, and cases therein cited. Thus, even assuming the validity of appellant's contention with regard to the stipulation of evidence on the plea of guilty, the trial court had before it an instrument which is in full compliance with statutory requirements and which contains the same stipulations as the instrument now being challenged.

 The judicial confession contained in the stipulation for the revocation hearing is sufficient to support the conviction.

Holder v. State, Tex.Cr.App., 469 S.W.2d 184. See also Drain v. State, Tex.Cr.App., 465 S.W.2d 939, at fn. 1. This stipulation is also sufficient to support the trial court's *decision to revoke appellant's probation.*

The judgments are affirmed.

ROBERTS, J., not participating.

ONION, Presiding Judge (concurring).

Appellant's contention, as I understand it, is that the trial judge did not approve in writing the appellant's written waiver of his right of confrontation and his consent to stipulate the evidence regarding his plea of guilty before the court on September 1, 1971.

He urges that as a result of the trial court's failure to approve the waiver and consent none of the stipulated evidence can be considered in an assessment of the sufficiency of the evidence to support his plea of guilty, and that, without the same, the evidence is not sufficient to sustain his conviction under Article 1.15, Vernon's Ann.C.C.P., or to justify the revocation *of probation.*

Article 1.15, supra, as amended in 1971 [1] and effective June 15, 1971, provides that if evidence upon a plea of guilty before the court is to be stipulated, either orally or in writing, the waiver of the right of confrontation and the consent "must be approved by the court in writing, and be filed in the file of the papers of the cause."

The written waiver and consent and stipulation of evidence was signed by the appellant and sworn to before the clerk of the court and approved by his counsel. The place on the printed form for the approval of the trial judge was left blank.

Repeatedly throughout the proceedings, the trial judge inquired if the procedure of stipulating evidence was agreeable to the appellant and his counsel, and, upon receiving affirmative answers, permitted such stipulations and permitted the trial to proceed. Such stipulations were clearly sufficient to sustain the conviction. At the conclusion of the stipulated testimony, *the court inquired personally of the appellant* if the stipulations were "true and correct" and the appellant answered, "Yes, sir."

Thereafter, the appellant was sworn and voluntarily took the witness stand.

He acknowledged that he had executed the written sworn stipulation of evidence and the same was introduced as State's Exhibit No. 2 without objection.

There exist then at least two reasons why appellant's contention is without merit. First, appellant's testimony while on the witness stand and the introduction of State's Exhibit No. 2 constituted a judicial confession which, independent of the oral stipulations, was sufficient to sustain the conviction. Beaty v. State, 466 S.W.2d 284 (Tex.Cr.App.1971); Bell v. State, 455 S.W.2d 230 (Tex.Cr.App.1970); Alvarez v. State, 374 S.W.2d 890 (Tex.Cr.App. 1964). Second, the written judgment entered and bearing the same date as the trial reflects that

". . . [t]he Defendant, having in open court, in writing, waived the appearance, confrontation, and cross-examination of witnesses, consented to the stipulation of evidence and to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence; and such waiver and consent having been approved by the Court in writing and filed in the papers of the cause, the said plea of the Defendant was received and entered of record upon the minutes. . . ."

We do not find that a motion for new trial was filed or that there was an objection to approval of the record containing the written judgment.

---

1. Acts 1971, 62 N.D.Leg., ch. 996, p. 3028.

It was obviously the legislative purpose not to permit stipulated evidence to be used in proceedings under Article 1.15, supra, unless the same was approved by the trial judge and to keep a permanent record of the same. In the instant case, it is clear that in permitting the plea of guilty to proceed where stipulated testimony was being utilized, the trial court was of necessity giving his approval, and the entry of the written judgment approved by the court would certainly seem to satisfy the requirements of the statute. *Cf.* Schoolcraft v. State, 129 Tex.Cr.R. 608, 91 S.W.2d 361 (1936). The statute does not require that the court's written approval be on the same instrument which constitutes the waiver and consent though that is the normal practice.

While the practice here used is not to be commended, it certainly does not present reversible error.

The evidence was sufficient to sustain the plea of guilty to the charge of forgery of a credit card.

Likewise, the evidence was sufficient to sustain the revocation of probation, it being noted that the requirements of Article 1.15, supra, are not applicable to hearings on revocation of probation.

It is for these reasons that I cannot agree with the majority's apparent holding that where a hearing on a revocation of probation and a trial upon a plea of guilty before the court are heard together that evidence admissible with regard to the revocation matter can be used to justify and overcome a failure to comply with statutory requirements and legislative mandate as to procedure involved in accepting pleas of guilty before the court. There is no necessity to reach such a conclusion under the circumstances of this case.

And, I might add that the practice of hearing such matters together and at the same time is not as desirable as it may appear. It smacks of judicial economy, but in attempting to attend to the details of both proceedings at the same time, courts frequently overlook required procedure in one or both matters. Thus, a fertile breeding ground for unnecessary appeals is established.

For the reasons stated, I concur.

ROBERTS, J., not participating.