**Ex parte Jessie Russell SMITH.**

**No. 58179.**

Court of Criminal Appeals of Texas, Panel No. 2.

Sept. 20, 1978.

Before ONION, P. J., and DALLY and VOLLERS, JJ.

## OPINION

DALLY, Judge.

This is a post-conviction application for writ of habeas corpus brought under Art. 11.07, V.A.C.C.P. Petitioner seeks relief from his conviction following a plea of guilty to the offense of aggravated rape.

Appellant contends that the indictment is fatally defective for failure to include a necessary element of the offense. He also contends that since the complaining witness was his daughter his prosecution should have been governed by the incest statute.

Petitioner pled guilty to the first count of a three-count indictment. This count reads, in pertinent part:

"Jesse Russell Smith did then and there unlawfully engage in sexual intercourse with R‒‒‒‒ S‒‒‒‒, a female then and there under the age of 17 years and then and there under the age of 14 years and not then and there the wife of the said Jesse Russell Smith, and the said Jesse Russell Smith did then and there knowingly and intentionally during the course of the same criminal episode, cause serious bodily injury to the said R‒‒‒‒ S‒‒‒‒ . . . .."

Petitioner contends that this indictment is fundamentally defective because it fails to allege that he acted with the requisite mental state.

■ In order to establish criminal responsibility for the offense of rape, the State must allege and prove that the defendant acted intentionally, knowingly, or recklessly. V.T.C.A. Penal Code, Secs. 6.02 and 21.02; *Braxton v. State*, 528 S.W.2d 844 (Tex.Cr.App.1975). The rule stated in *Braxton* is equally applicable to the of-fenses of aggravated rape and rape of a child. V.T.C.A. Penal Code, Secs. 21.03 and 21.09.

■ The indictment in the instant case alleges that petitioner *"knowingly and intentionally during the course of the same criminal episode,* cause[d] serious bodily injury . . . "* (Emphasis added.) The criminal episode referred to is the act of sexual intercourse with the complaining witness. We hold that the emphasized phrase constitutes a sufficient allegation that petitioner knowingly and intentionally engaged in sexual intercourse.

■ Although we do not find the indictment in the instant case to be fundamentally defective, we do not commend its use. An indictment should allege in as clear and direct a manner as possible that the prohibited act was done with the requisite culpable mental state.[1]

■ There is no evidence to support petitioner's assertion that the complaining witness is his daughter. Even if such evidence were in the record, the sufficiency of the evidence to support the conviction may not be collaterally attacked in a habeas corpus proceeding. *Ex parte Muro*, 394 S.W.2d 174 (Tex.Cr.App.1965); *Ex parte Oliver*, 374 S.W.2d 894 (Tex.Cr.App.1964); *Ex parte Wilson*, 374 S.W.2d 229 (Tex.Cr.App.1964). Therefore we do not consider appellant's contention that he should have been prosecuted under the incest statute.

The relief sought is denied.

---

1. See, e. g., Morrison and Blackwell, Texas Criminal Forms Annotated Sec. 6.29.