**Mike Ray WILLHOITE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–81–427CR.**

Court of Appeals of Texas, Houston (14th Dist.).

July 15, 1982.

Steven T. Greene, Houston, for appellant.

John B. Holmes, Jr., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and PRICE, JJ.

JUNELL, Justice.

This is an appeal from a revocation of probation. In his appellate brief Appellant claimed three grounds of error; on oral argument he waived his third ground of error and relies on the two grounds of error attacking the sufficiency of the evidence to support the original conviction for which he was granted probation. Central to Appellant's argument is his contention that there is no evidence to support the primary conviction because the written stipulation of evidence was not approved in writing by the trial judge. For the reasons discussed below, we overrule both grounds of error and affirm the judgment of the trial court.

Appellant was charged by indictment with burglary of a habitation. On March 23, 1979, he waived his right to a trial by jury, pleaded guilty to the court, and was sentenced to six years confinement in the Texas Department of Corrections. The court suspended sentence and placed Appellant on probation. Appellant did not appeal his conviction. A motion to revoke probation was filed December 21, 1979, alias capias issued, and an amended motion to revoke was filed March 20, 1980, alleging that Appellant had violated the terms and conditions of probation by committing the of-

fense of burglary of a habitation in Travis County on November 11, 1979, and by failing to report to the probation officer and failing to remain in Harris County, Texas, or Lexington, Kentucky, as directed by the court. After hearing on October 10, 1980, the court found Appellant had violated the three conditions of probation alleged in the amended motion to revoke, and the court entered an order revoking Appellant's probation. Appellant does not question the sufficiency of the evidence to revoke probation.

■ We will first discuss Appellant's second ground of error by which he argues that the original conviction upon which his probation was based is void in that there was no evidence to support the conviction. The only evidence introduced by the state to support the conviction was a written stipulation of evidence sworn to and signed by Appellant in which he waives the appearance, confrontation, and cross-examination of witnesses, consents to the oral stipulation of evidence and to the introduction of affidavits, written statements of witnesses and other documentary evidence, and waives his right against self-incrimination and confesses to facts constituting the essential elements of the offense charged. Because the typewritten form used for the stipulation of evidence does not bear the trial judge's signature on the blank provided to signify his approval, Appellant argues that the evidence does not comply with the requirements of article 1.15 of the Texas Code of Criminal Procedure and, therefore, is invalid and cannot be considered as any evidence. The result, Appellant argues, is that there is no evidence to support the conviction.

The Texas Code of Criminal Procedure requires the state to introduce evidence showing the guilt of the defendant and provides, in pertinent part, as follows:

> [E]vidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and

testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause.

Tex.Code Crim.Pro.Ann. art. 1.15 (Vernon 1977).

■ We agree with Appellant's assessment of the law that compliance with article 1.15 is mandatory in order for a stipulation to be considered as evidence. *Valdez v. State,* 555 S.W.2d 463 (Tex.Cr.App.1977). However, we do not agree with his conclusion that the stipulation of evidence in this case does not meet the requirements of article 1.15. The record before us reveals that the judgment entered March 23, 1979, in Appellant's original conviction for burglary of a habitation includes the following language:

> The Defendant, having in open court, in writing, waived the appearance, confrontation, and cross-examination of witnesses, consented to the stipulation of evidence and to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence; *and such waiver and consent having been approved by the Court in writing and filed in the papers of the cause,* the said plea of the Defendant was received and entered of record upon the minutes.

[Emphasis added]. While the sufficiency of the evidence to sustain a conviction cannot generally be reviewed on appeal from a revocation of probation, *Vaughn v. State,* 608 S.W.2d 237 (Tex.Cr.App.1980), a conviction can be collaterally attacked if it was supported by no evidence. *Ex parte Moffett,* 542 S.W.2d 184 (Tex.Cr.App.1976). This rule has been applied to a revocation of probation where the only evidence supporting the primary conviction was a stipulation that the Appellant had committed an offense wholly distinct from that alleged in the indictment. *LaFlore v. State,* 595 S.W.2d 862 (Tex.Cr.App.1980). There is no such discrepancy involved here. Article

1.15 prescribes no set form for the court's written approval of a defendant's waiver and consent and requires neither the court's signature nor that written approval be included on the same instrument which constitutes the waiver and consent. In his concurring opinion in *Morris v. State,* Presiding Judge Onion said:

It was obviously the legislative purpose not to permit stipulated evidence to be used in proceedings under Article 1.15, supra, unless the same was approved by the trial judge .... In the instant case, it is clear that in permitting the plea of guilty to proceed where stipulated testimony was being utilized, the trial court was of necessity giving his approval, and the entry of the written judgment approved by the court would certainly seem to satisfy the requirements of the statute.

483 S.W.2d 260, 263 (Tex.Cr.App.1972). Guided by Judge Onion's sound reasoning, we hold that the above quoted language of the written judgment filed in the papers of the cause suffices to show the court's approval of Appellant's written waiver and consent to stipulation of evidence as required by article 1.15.

 Next we consider Appellant's first ground of error. He contends that the trial court committed reversible error when, over Appellant's objection, it approved the record for appeal because the record does not include a statement of facts of the March 23, 1979, trial in which Appellant was originally convicted and placed on probation. It is undisputed that, after probation was revoked and Appellant was sentenced, Appellant timely gave notice of appeal, requested a statement of facts, and filed a designation of additional material for inclusion in the appellate record, including therein a designation of the complete transcript of the statement of facts of the primary trial conducted on March 23, 1979, as well as the written stipulation of evidence filed on the same date in connection with that trial. Appellant also filed an objection to the appellate record; the court overruled his objection after hearing and approved the record in writing. Appellant argues that the trial court's ruling has impeded his right on this appeal to collaterally attack the original conviction on a no evidence point. In our opinion the trial court's ruling does not constitute reversible error. The record before us contains the stipulation of evidence and judgment from the primary conviction. As we have already discussed, those two instruments alone reveal that Appellant's no evidence claim is not well founded. A written sworn judicial confession made and confirmed by a defendant in open court is sufficient to sustain a conviction upon a guilty plea under the provisions of article 1.15. *Prochaska v. State,* 587 S.W.2d 726 (Tex.Cr.App.1979).

While the Court of Criminal Appeals has held that a primary conviction may be collaterally attacked on appeal from a revocation of probation if the primary conviction was supported by no evidence, we think prudence dictates a cautious approach in requiring the provision of a statement of facts of the primary conviction. Because Tex.Rev.Civ.Stat.Ann. 2324 (Vernon Supp. 1982) requires court reporters to preserve their shorthand notes for only three years, to hold that the court's order was reversible error given the state of the record before us would invite a deluge of poorly founded no evidence claims.

We affirm.