Gary LEWIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–82–123–CR.

Court of Appeals of Texas, Austin.

Feb. 23, 1983.

Rehearing Denied March 23, 1983.

Robert A. Dennison, III, Austin, court-appointed counsel, for appellant.

Ronald Earle, Dist. Atty., Curt Beckcom, Asst. Dist. Atty., for appellee.

Before SHANNON, EARL W. SMITH and BRADY, JJ.

EARL W. SMITH, Justice.

Appellant was indicted for the offense of burglary of a habitation with intent to commit rape. Upon his jury trial waiver, trial was before the court. The only evidence heard by the court was adduced by oral stipulation. The court adjudged the appellant guilty of the offense charged, and assessed punishment at confinement in the Texas Department of Corrections for eight years.

Appellant brings four grounds of error. In the first two, he contends that the trial court erred in overruling his motion to suppress. In the third, he contends that the trial court erred in finding appellant guilty because there was no evidence to support its judgment. He contends that his purported waiver of appearance, confrontation, and cross examination of witnesses was "ineffective." The fourth ground of error is that there was no evidence to establish appellant's intention to commit the offense of rape, or, in the alternative, that the evidence was insufficient in that respect. For the reasons hereinafter set out, we must sustain appellant's third ground of error.

The trial court's judgment of guilt is based solely upon evidence adduced by oral stipulation. Where, as in the instant appeal, the defendant waives a trial by jury in a felony case, and enters his plea of not guilty before the court, Tex.Code Cr.P.Ann. art. 1.15 (1977) must be followed. Article 1.15 reads:

[n]o person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless in felony cases less than capital, the defendant, upon entering a plea, has in open court in person waived his right of trial by jury in writing in accordance with Articles 1.13 and 1.14; provided, however, that it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same. The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause.

We hold that the above article of the Code of Criminal Procedure was not complied with in this case. The waiver signed by appellant, though bearing the caption "WAIVER OF JURY—AGREEMENT TO STIPULATE," reads:

[n]ow comes the defendant in the above cause and would respectfully show the court that he stands accused of Burglary of a Habitation, a first degree felony and Defendant waives his right to trial by jury, enters his plea of not guilty to the

charge herein and request[s] the court proceed to trial without a jury, and further waives the appearance, confrontation, and cross-examination of witnesses, and further prays that in the event of his conviction, that the imposition of sentence herein be suspended and that he be placed on probation.

■ Though signed by the defendant and the prosecuting attorney, the waiver was not signed by the trial judge, nor is there any other instrument in the record showing that the judge, in writing, approved appellant's waiver of confrontation. The waiver is also defective because it does not contain appellant's consent to an oral stipulation of the evidence and testimony.

■ Stipulated testimony may be either oral or written; however, the waiver of confrontation and agreement to stipulate must be executed in writing, and must have the approval of the court in writing. *Valdez v. State*, 555 S.W.2d 463 (Tex.Cr.App. 1977); *Duran v. State*, 552 S.W.2d 840 (Tex. Cr.App.1977); *Rodriquez v. State*, 534 S.W.2d 335 (Tex.Cr.App.1976). In *Rodriquez, supra,* the Court of Criminal Appeals held that the absence of a written agreement to stipulate is fundamental error. In *Valdez, supra,* the Court of Criminal Appeals said:

[a]rt. 1.15, V.A.C.C.P., provides that in cases where trial by jury is waived the evidence may be stipulated "if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses and any other documentary evidence in support of the judgment of the court." The statute further provides: "Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers in the cause." This Court has consistently held that compliance with this statute is mandatory in order for the stipulation to be considered as evidence. The statute ap-

plies whether the stipulation relates to what a witness would testify or to the truth of an allegation in the indictment. [citations omitted]

The most recent decision of the Court of Criminal Appeals, approving the rule in *Valdez, Duran,* and *Rodriquez,* is *Capistran v. State,* No. 60,873, Tex.Crim.App., May 19, 1982 (not yet published) (appellant's and State's motion for rehearing pending). There, the appellant orally agreed to stipulate to the evidence, but the record did not contain a written agreement to stipulate, nor any written approval by the court of defendant's waiver of confrontation and consent to stipulate. For this error, the Court of Criminal Appeals reversed and remanded the cause.

Relying on *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), appellant would have us reverse this judgment and order the trial court to enter a judgment of acquittal. We do not construe *Burks* to require a judgment of acquittal in this case. Here, the stipulated evidence is clearly sufficient to establish guilt beyond a reasonable doubt. It is only because of a procedural trial error that the evidence cannot be considered to support the trial court's judgment. The Supreme Court in *Burks* noted that the courts have failed to distinguish between reversals due to trial error and those resulting from evidentiary insufficiency. In further explanation, the Court said:

[v]arious rationales have been advanced to support the policy of allowing retrial to correct trial error, but in our view the most reasonable justification is that advanced by [*United States v. Tateo,* 377 U.S. 463, 465, 84 S.Ct. 1587, 1588, 12 L.Ed.2d 448]:

"It would be a high price indeed for society to pay were every accused granted immunity from punishment because of any defect sufficient to constitute reversible error in the proceedings leading to conviction."

*In short, reversal for trial error, as distinguished from evidentiary insufficiency, does not constitute a decision to the ef-*

fect that the government has failed to prove its case. As such, it implies nothing with respect to the guilt or innocence of the defendant. Rather, it is a determination that a defendant has been convicted through a judicial process which is defective in some fundamental respect, e.g., incorrect receipt or rejection of evidence, incorrect instructions, or prosecutorial misconduct. When this occurs, the accused has a strong interest in obtaining a fair readjudication of his guilt free from error, just as society maintains a valid concern for insuring that the guilty are punished, See Note, Double Jeopardy: A New Trial After Appellate Reversal for Insufficient Evidence, 31 U Chi L Rev 365, 370 (1964).

*Burks, supra* at 15, 98 S.Ct. at 2149. [emphasis supplied]

Having sustained appellant's third ground of error, we need not discuss his remaining contentions.

The judgment of the trial court is reversed and the cause is remanded.