**John Charles CLARK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 61040.**

Court of Criminal Appeals of Texas, En Banc.

July 20, 1983.

Rehearing Denied Oct. 12, 1983.

David L. Botsford, Austin, Emmett Colvin, Houston, for appellant.

Henry Wade, Dist. Atty., Ronald D. Hinds, Christopher L. Milner and Andy Anderson, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

TOM G. DAVIS, Judge.

Our prior opinions are withdrawn.

Trial was before the court upon appellant's plea of not guilty of possession of more than four ounces of marihuana. After finding appellant guilty, the court assessed punishment at two years.

The trial court convicted appellant based on the testimony of Officer T.H. Bedsole of the Dallas Police Department coupled with a stipulation as to what the testimony of E.H. Foerster, a toxicologist working for the Southwestern Institute of Forensic Sciences, would be if he were called to testify.

Bedsole testified that in his opinion, the green leafy substance he discovered in a briefcase in the backseat of appellant's automobile was marihuana. Bedsole did not testify as to the quantity of the marihuana. Foerster would have testified that the substance mailed to him in connection with appellant's case was tested and determined to be 8.89 ounces of marihuana.

Appellant argues that the stipulation (State's Exhibit No. 3) concerning Foerster's testimony fails to meet the requirements of Art. 1.15, V.A.C.C.P.

Art. 1.15, V.A.C.C.P., provides in pertinent part that:

"... The evidence may be stipulated if the defendant in such cases consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause."

■ This Court has consistently held that compliance with this statute is mandatory, in the trial before the court, regardless of the plea, for a stipulation to be considered as evidence. *Young v. State,* 648 S.W.2d 6 (Tex.Cr.App.1983); *Valdez v. State,* 555 S.W.2d 463 (Tex.Cr.App.1977).

■ In this case the trial court did not consent to and approve the stipulation by affixing his signature to it. The failure of the court to comply with the requirements of Art. 1.15, V.A.C.C.P., necessitates reversal of the judgment. Since this was trial error, an acquittal will not be entered. *Ex parte Duran,* 581 S.W.2d 683 (Tex.Cr.App. 1979).

Appellant's motion for rehearing is granted, the judgment is reversed and the cause is remanded.

MILLER and CAMPBELL, JJ., not participating.