**Ex parte Elzie AARON.**

**No. 69408.**

Court of Criminal Appeals of Texas, En Banc.

May 8, 1985.

Nancy B. DeLong, Huntsville, for appellant.

Latham Boone, II, Dist. Atty. and David Weeks, Asst. Dist. Atty., Anderson, Robert

Huttash, State's Atty., Austin, for the State.

## OPINION

MILLER, Judge.

This is a post-conviction application for writ of habeas corpus filed pursuant to Art. 11.07, V.A.C.C.P.

On December 15, 1981, pursuant to a plea bargain, applicant pled guilty to the felony offense of burglary of a building. See V.T.C.A. Penal Code § 30.02. On March 8, 1982, the trial court assessed punishment at eight years confinement in the Texas Department of Corrections.

In his pro se application for writ of habeas corpus applicant contends, inter alia, that at the time of his plea of guilty before the 12th District Court, the attorney representing the State did not sign the consent form for him to waive trial by jury as required by Art. 1.13, V.A.C.C.P.[1] Applicant further contends that his waivers and consent to stipulate evidence were not approved by the court in writing and ordered filed in the file of the papers of the cause as required by Art. 1.15, V.A.C.C.P.,[2] since the trial judge's signature does not appear thereon.

On March 16, 1984, an evidentiary hearing was held with applicant represented by an attorney from Staff Counsel for Inmates. At the hearing, a document entitled "Waiver of Rights on a Plea of Guilty —Defendant's Written Stipulations and Waivers" was introduced into evidence. By and through this two-page document, applicant entered a plea of guilty; stipulated in writing to the commission of each element of the offense alleged in the indictment; waived trial by jury; waived the appearance, confrontation, and cross-examination of witnesses; consented to the State's use of affidavits, oral stipulations, written witness statements or other documentary evidence to support the judgment; and waived all rights to appeal.

The document bears the signature of both the applicant and his attorney. The document fails, however, to reflect the signature of the attorney for the State consenting to the waiver of trial by jury. The document also fails to reflect the signature of the trial judge approving the waivers and the applicant's consent to the stipulation of evidence and ordering them to be included in the papers and records of the case. The written judgment of conviction was not introduced into evidence at the hearing. See, *Morris v. State*, 483 S.W.2d 260, 262 (Tex.Cr.App.1972) (Onion, P.J.,

1. Article 1.13, V.A.C.C.P., provides:

"The defendant in a criminal prosecution for any offense classified as a felony less than capital shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that such waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the State. The consent and approval by the court shall be entered of record on the minutes of the court, and the consent and approval of the attorney representing the State shall be in writing, signed by him, and filed in the papers of the cause before the defendant enters his plea. Before a defendant who has no attorney can agree to waive the jury, the court must appoint an attorney to represent him."

2. Article 1.15, V.A.C.C.P., provides:

"No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless in felony cases less than

capital, the defendant, upon entering a plea, has in open court in person waived his right of trial by jury in writing in accordance with Articles 1.13 and 1.14; provided, however, that it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same. The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause."

concurring); *Willhoite v. State*, 642 S.W.2d 531 (Tex.Cr.App.—Houston [14th] 1982, no pet.). See also, *Breazeale v. State*, 683 S.W.2d 446 (Tex.Cr.App.1985) (Opinion on Rehearing).

We will first consider applicant's claim that the guilty plea was invalid because the attorney representing the State did not sign the consent form for him to waive trial by jury as required by Art. 1.13, supra.

 On direct appeal, when the record reflects the failure of the prosecutor to sign the waiver agreement, the conviction will be reversed, and a prosecutor's post-conviction affidavit reflecting his intent to sign the waiver form will not satisfy the requirements of Art. 1.13. *Lawrence v. State*, 626 S.W.2d 56 (Tex.Cr.App.1981). When the attack is collateral, however, the same rule does not apply.[3]

In *Ex parte Collier*, 614 S.W.2d 429 (Tex.Cr.App.1981), the en banc Court considered a claim, brought by writ of habeas corpus, that a guilty plea was invalid because of the failure of the attorney for the State to comply with the requirements of Art. 1.13, supra. At the evidentiary hearing in *Collier*, the district attorney filed an affidavit stating that the State agreed to waive trial by jury but that the "copy filed was inadvertently not signed by me." In *Collier*, we overruled all contrary cases to the extent of any conflict and held:

"We conclude that it would be ridiculous to set aside a conviction ... based merely upon the missing signature of the district attorney when it is obvious that the State did indeed consent to the jury waiver.

We hold that in the absence of a showing of harm a valid conviction may not be set aside by habeas corpus or collateral attack merely because the State failed to sign the consent to the jury waiver of a defendant as required by Article 1.13,

V.A.C.C.P., where the evidence does show that the State did in fact agree to such waiver."

*Id.* at 454.

In the case at bar, the district attorney did not file an affidavit showing the State did in fact agree to the waiver of jury trial. The record of the evidentiary hearing does show, however, that the trial judge reviewed applicant's rights with him, including his right to trial by jury, and determined that he voluntarily waived his rights and entered a plea of guilty. Further, applicant's trial attorney was called as a witness for the State at the evidentiary hearing, and testified as follows:

"Q. When Elzie made his plea of guilty, to your understanding, was it the intention of both the District Attorney's Office and of the Judge to accept his plea, accept his stipulation of evidence and his waiver of rights?

"A. Yes. I wouldn't think it would be any other case.

"Q. And at the time the plea was entered, you'all operated on that assumption, that they were accepted?

"A. Right ..."

 Applicant does not contend that he was deprived of a jury trial, nor does he deny that he waived trial by jury.[4] Applicant's trial attorney signed the waiver form which expressly stated that applicant executed the waiver with the advice and consent of defense counsel. At trial, applicant's attorney proceeded on the understanding that the district attorney's office had consented to the waiver of trial by jury and applicant does not claim otherwise. What is missing is the district attorney's signature on the written form. The colloquy quoted above is the only record evidence of the district attorney's intention to

---

**3.** It is clear that the waiver of trial by jury must be signed by the defendant to be valid, and a collateral attack is permissible when his signature is absent. *Ex parte Felton*, 590 S.W.2d 471 (Tex.Cr.App.1979). Different rules apply, however, when the State fails to sign the consent to

jury waiver. See *Boyd v. State*, 660 S.W.2d 820 (Tex.Cr.App.1983).

**4.** Applicant originally contended that he did not sign the waiver and that his signature was forged. Applicant, however, did not proceed on that claim at the evidentiary hearing.

consent to the waiver of trial by jury. While the issue is close, we hold that the record sufficiently demonstrates the understanding of the parties at trial that the State did agree to the applicant's waiver of trial by jury. Applicant's contention is overruled.

■ We will next consider applicant's claim that his guilty plea was invalid because his waivers and consent to stipulate evidence were not approved by the Court in writing and ordered filed in the file of the papers of the cause as required by Art. 1.15, supra, since the trial judge's signature does not appear thereon.[5]

■ On direct appeal, this Court has consistently held that compliance with Art. 1.15, supra, is mandatory in a trial before the court, regardless of the plea, for a stipulation to be considered as evidence. *Clark v. State,* 657 S.W.2d 121 (Tex.Cr.App.1983); *Ellard v. State,* 650 S.W.2d 840 (Tex.Cr.App.1983); *Young v. State,* 648 S.W.2d 6 (Tex.Cr.App.1983); *Valdez v. State,* 555 S.W.2d 463 (Tex.Cr.App.1977); *Hughes v. State,* 533 S.W.2d 824 (Tex.Cr.App.1976); *Elder v. State,* 462 S.W.2d 6 (Tex.Cr.App.1971).[6]

■ We believe, however, that the same rule should not apply when the attack is collateral. *Collier,* supra, teaches that when a defendant collaterally attacks his conviction by asserting that the State did not consent to the waiver of trial by jury, additional evidence may be adduced to demonstrate that the State did in fact consent. Such evidence, if believed, will defeat the collateral attack even where the original consent form is not signed by the State. We believe that the *Collier* rule should be extended to apply to habeas corpus or collateral attacks based upon a trial judge's failure to comply with Art. 1.15, supra. Thus, in the absence of a showing of harm, a valid conviction will not be set aside by

habeas corpus or collateral attack merely because the trial judge failed to sign the defendant's written waivers and consent to stipulate evidence as required by Art. 1.15, V.A.C.C.P., where the evidence does show that the trial judge did in fact approve the defendant's waivers and consent to stipulate evidence.

■ In the case at bar, the trial judge testified at the evidentiary hearing that, among other things, he reviewed the applicant's rights with him, determined that he was competent, and that he voluntarily waived his rights to a jury trial and to confront his accusers. The trial judge testified that it was his intention to approve the plea and enter it of record. He also testified that he certainly did intend to sign the stipulation and waiver form, and the fact it was not signed was merely an oversight. The testimony of applicant's trial attorney reflects that when the applicant made his plea of guilty, it was the attorney's understanding that the judge intended to accept the plea, the stipulation, and the waiver of rights. Applicant does not assert that he did not waive those rights or that his waiver was not knowingly and voluntarily made. We find the evidence sufficiently demonstrates the trial judge's approval of the applicant's waivers and consent to the stipulation of evidence notwithstanding the omitted signature on the form. Applicant's contention is overruled.

The relief sought is denied.

TEAGUE, J., dissents.

CLINTON, Judge, concurring.

Some of us have protested the emasculation of Article 1.13 and 1.15, V.A.C.C.P. See, e.g., *Ex parte Collier,* 614 S.W.2d 429, 435 and 436 (Tex.Cr.App.1981) (Clinton, J., concurring and Teague, J., dissenting). But the 1931 legislative act from which they are derived continues to be honored

---

5. The waivers and consent must be approved by the court in writing. The printed form becomes a writing of the court only when the judge places his signature on it. *Young v. State,* 648 S.W.2d 6 (Tex.Cr.App.1983).

6. Failure to comply with the statute will not result in an acquittal, however, because the deficiency is trial error. See *Duran v. State,* 552 S.W.2d 840 (Tex.Cr.App.1977), and *Ex parte Duran,* 581 S.W.2d 683 (Tex.Cr.App.1979).

more in its breach—even to the extent of calling a violation of Article 1.15 *"trial error."* [1]

Today the majority would have this Court declare that when the trial judge fails to cause the court to approve in writing the waiver and consent of an accused prescribed by Article 1.15, proof may be taken on some later occasion that the trial court did in fact approve the waiver and consent. I venture the case is rare indeed in which such proof cannot be made. Thus an application for writ of habeas corpus takes on the character of a belated motion for new trial, and a hearing thereon becomes an occasion to develop supplementary proof "to make the record speak the truth" in order to remove "trial error" from the cause.

■ Rather than further abuse the office and dignity of The Great Writ with that kind of charade, I would again opt for the resolution proposed by me in *Ex parte Collier,* supra, *viz:*

"I would hold complaints about failure to comply with [the procedural requirement that the trial court confirm its approval in writing] are not cognizable by postconviction writ of habeas corpus for, even if factually supported, they will not make restraint under the judgment of conviction illegal."

For those reasons I join the order of the Court.

1. *Ex parte Duran,* 581 S.W.2d 683 (Tex.Cr.App. 1979) is probably the first explication of that notion of "trial error." The Court panel, manifestly struggling to avoid granting relief under *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) and *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), put it this way:

 "This situation is different from that presented in *Burks,* in which the trial court's error was in failing to grant a motion for new trial which was based on insufficiency of the evidence. In the applicant's case, the basic error was not failure to recognize, after the State had rested, that the evidence was insufficient; *it was error in admitting evidence.* We think that this basic error, upon which our earlier reversal rested, was therefore *trial error.* Properly construed, our holding [that 'the evidence is insufficient to support the conviction'] was *not that the State had failed*

W.C. DAVIS, McCORMICK, CAMPBELL, and WHITE, JJ., join this opinion as well as the opinion of the Court.

ONION, Presiding Justice, concurring in part and dissenting in part.

This is a post-conviction application for writ of habeas corpus filed pursuant to Article 11.07, V.A.C.C.P.

The application was filed originally in the convicting court as required by Article 11.07, supra. That court conducted an evidentiary hearing on the pro se application advancing five "legal claims." At the hearing applicant was represented by counsel. At such hearing appellant abandoned "claims" 1, 2, 4 and 5 and decided to proceed on part of "claim" No. 3, which originally read:

"Legal Claim No. 3

"Petitioner further contends that He did not sign a waiver of wrights (sic), and that said signature is not his, but that it was forged by someone else, but not by Petitioner. This violates Petitioner's rights under the Texas statute and constitutional rights under the 1st, 4th, 5th, 6th 14th and 15th amendments to the United States Constitution and laws governing therein. *Said waiver was not signed by the State Prosecuting Attorney nor by the State trial Judge."* (Emphasis supplied.)

*to prove its case, but that it had been permitted erroneously to prove its case through incorrect receipt of evidence.* Cf. *Burks,* 437 U.S. at 15, 98 S.Ct. 2141, quoted above. A reversal for such trial error as was committed in this case is not tantamount to a holding by this Court that a directed judgment of acquittal should have entered. It was a holding that the applicant should have a fair adjudication of his guilt free from error."

One must observe that the evidence alluded to was a stipulation agreed to by appellant and admitted when his counsel expressly stated, "We have *no objection to that,* Your Honor." Then also came in a lab report and the controlled substance, again with *"No objection."* They seemed satisfied at the time to assist in making a record of evidence on which appellant would get "a fair adjudication of his guilt *free from error."* (All emphasis is mine unless otherwise indicated.)

After interrogation applicant agreed to abandon all of "Claim No. 3" except the last sentence thereof.

There was introduced at the hearing an instrument entitled "Defendant's Written Stipulations and Waivers," apparently used in Cause No. 7562 in the 12th Judicial District Court on December 15, 1981 when applicant entered a plea of guilty to an indictment charging burglary of a building. The instrument was obviously designed as one "catch all" type of form for guilty pleas in felony cases. In one part it relates to waiver of trial by jury, another part relates to the waiver of the ten days' preparation period, matters pertaining to motions for new trial, waiver of rights and agreement to stipulate evidence, etc. As true of most such instruments, it leaves much to be desired as to clarity and proper form. The instrument was not signed by the trial court giving his approval as to waivers and stipulations, and was not signed by the attorney for the State showing his consent to the waiver of trial by jury by the applicant. The instrument, however, was signed by the applicant and his attorney.

At the conclusion of the hearing the trial court made no findings of facts or conclusions of law. After a number of inquiries by the staff of this Court, the record was finally forwarded to this Court. Thereafter the cause was ordered filed and set. This may well have been improvident action on the part of this Court in light of the record as I now view the proceeding before us.

I agree with the majority's disposition of the claim on collateral attack concerning the failure of the prosecutor to sign the jury waiver as required by Article 1.13, V.A.C.C.P. See *Ex parte Collier*, 614 S.W.2d 429 (Tex.Cr.App.1981).

I have more difficulty with the majority's disposition of the claim concerning the failure of the trial judge to approve the waiver of rights and agreement to stipulate evidence as required by Article 1.15, V.A.C.C.P.

The majority seems willing to use the *Collier* rule, applying to collateral attacks upon the failure of the prosecutor to consent in writing to the jury waiver as required by Article 1.13, supra, and extend it to apply to habeas corpus attacks based upon a trial judge's failure to comply with Article 1.15, supra. I cannot agree and dissent in this regard because in essence the attack here is upon the sufficiency of the evidence to support the conviction.

The rationale behind Article 1.13 and Article 1.15 is different. Article 1.13 was designed in part to give the State a say in whether a trial by jury is to be waived, otherwise the State would be forced into a bench trial merely because the defendant decided to waive trial by jury. Article 1.15 deals, inter alia, with the long-time requirement that there must be evidence to support the plea of the defendant. It provides that if the evidence is to be stipulated certain procedure must be followed or else the stipulated evidence cannot be considered as evidence as required by the mandatory statute. *Clark v. State*, 657 S.W.2d 121 (Tex.Cr.App.1983). Thus, appellant's contention regarding Article 1.15 must necessarily involve the sufficiency of the evidence. If this Court on collateral attack decided that the failure of the trial court to approve in writing the waivers and the agreement to stipulate evidence was fundamental error, it would then have to look to see if there was other evidence, independent of the "stipulated" evidence, to support the judgment before relief could be granted. Therefore, in my opinion we are here confronted with a sufficiency of evidence question which requires a review of our cases dealing with Article 1.15, V.A.C.C.P.

Compliance with Article 1.15, supra, has long been held mandatory in order for the stipulation to be considered as evidence. *Elder v. State*, 462 S.W.2d 6 (Tex.Cr.App. 1971); *Rangel v. State*, 464 S.W.2d 858 (Tex.Cr.App.1971); *Hughes v. State*, 533 S.W.2d 824 (Tex.Cr.App.1976).

In *Clark v. State*, 657 S.W.2d 121 (Tex. Cr.App.1983), this Court wrote:

"This court has *consistently* held that compliance with this statute is mandatory, in the trial before the court, regardless of the plea, for a stipulation to be considered evidence. *Young v. State,* 648 S.W.2d 6 (Tex.Cr.App.1983); *Valdez v. State,* 555 S.W.2d 463 (Tex.Cr.App. 1977)." See also *Ellard v. State,* 650 S.W.2d 840 (Tex.Cr.App.1983); *Green v. State,* 666 S.W.2d 291 (Tex.App. [14th Dist.] 1984); *Lewis v. State,* 647 S.W.2d 753 (Tex.App. [3rd Dist.] 1983).

Thus, when the applicant makes a collateral attack by habeas corpus application upon his conviction for failure of the trial judge to approve in writing the waivers and agreement to stipulate evidence as required by Article 1.15, supra, he is in essence making a collateral attack upon the sufficiency of the evidence to sustain his conviction.

It is well established that a habeas corpus proceeding may not be used to collaterally attack the sufficiency of the evidence to support a conviction. *Ex parte Caldwell,* 383 S.W.2d 587 (Tex.Cr.App.1964); *Ex parte Taylor,* 480 S.W.2d 692 (Tex.Cr.App. 1972); *Ex parte Ashcraft,* 565 S.W.2d 926 (Tex.Cr.App.1978); *Ex parte Smith,* 571 S.W.2d 22 (Tex.Cr.App.1978); *Ex parte Dantzler,* 571 S.W.2d 536 (Tex.Cr.App. 1978); *Ex parte Dunn,* 571 S.W.2d 928 (Tex.Cr.App.1978); *Ex parte McWilliams,* 634 S.W.2d 815 (Tex.Cr.App.1982). See also *Ex parte Easter,* 615 S.W.2d 719, cert. den. *Easter v. Texas,* 454 U.S. 943, 102 S.Ct. 481, 70 L.Ed.2d 252.

In *Ex parte Lyles,* 168 Tex.Cr.R. 145, 323 S.W.2d 950 (1959), this Court stated:

"We have concluded, however, that the question presented constitutes an attack upon the judgment based upon the insufficiency of the evidence, which can never be raised collaterally by writ of habeas corpus but must be raised on appeal." See also *Ex parte Wingfield,* [162 Tex.

Cr.R. 112] 282 S.W.2d 219, 220 (Tex.Cr. App.1955); *Ex parte Sonka,* 323 S.W.2d 52 (Tex.Cr.App.1959).

As made clear, however, in *Lyles,* there is a distinction on collateral attack between a claim of insufficient evidence and a claim of no evidence at all. The latter may be raised on collateral attack. See *Ex parte Moffett,* 542 S.W.2d 184 (Tex.Cr.App.1976). See also discussion in Ex parte Dantzler, supra.

In *Ex parte Coleman,* 599 S.W.2d 305, 307 (Tex.Cr.App.1978), the Court wrote:

"Where there has been no evidence upon which to base a conviction, a violation of due process has occurred and the conviction may be attacked collaterally in a habeas corpus proceeding."

If it be applicant's contention that the evidence is insufficient to support his burglary conviction, then his contention cannot be entertained in this habeas corpus proceeding. If it is applicant's contention that without the trial judge's written approval of the waiver and consent to stipulate there is no evidence, I would conclude that applicant has not sustained his burden of proof.

In a post-conviction habeas corpus action, the applicant has the burden of proof. *Ex parte Sanders,* 588 S.W.2d 383 (Tex.Cr. App.1979); *Ex parte McWilliams,* supra. There is no showing in this record that the only evidence offered on his plea of guilty was the stipulated evidence not approved in writing by the trial judge.[1] Other evidence alone may be sufficient to support his guilty plea.[2] See *Ex parte Reed,* 610 S.W.2d 495, 499 (Tex.Cr.App.1981). In fact, a judicial confession, standing alone, is sufficient to sustain a conviction on a guilty plea and to satisfy the requirements of Article 1.15, supra. *Dinnery v. State,* 592 S.W.2d 343 (Tex.Cr.App.1979). I do not find from the habeas corpus application or evidence that applicant has attempted to raise any possible claim under *Jackson v.*

1. There is no transcription of the court reporter's notes from the guilty plea hearing, no testimony as to what evidence was offered, and no judgment or sentence entered in the burglary case.

2. The trial judge conducting the evidentiary hearing speculated there might well have been other evidence. He was not the same trial judge who presided at the guilty plea hearing.

*Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

I would deny the relief requested and concur in the result but on different grounds insofar as the Article 1.15 claim is concerned.