**AFFIRMED and Opinion Filed December 2, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00609-CR**

**ARMANDO DIAZ, JR, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 199th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 199-81049-2022**

## MEMORANDUM OPINION

Before Justices Molberg, Pedersen, III, and Goldstein
Opinion by Justice Pedersen, III

Appellant pleaded guilty to a charge of murder. *See* TEX. PENAL CODE ANN.

§ 19.02. A jury sentenced him to life imprisonment. Appellant brings four issues on

appeal. We affirm the trial court's judgment.

Background

Because this is a memorandum opinion and the parties are familiar with the

facts and all issues of law presented by this case are well settled, we do not recite the

facts or the law here except as necessary to advise the parties of the Court's decision

and the basic reasons for it. See TEX. R. APP. P. 47.4. We describe specific facts pertinent to each of appellant's issues on appeal below.

<u>The Trial Court Did Not Err In Proceeding with a Jury Trial on Punishment</u>

In his first issue on appeal, appellant argues the trial court—not the jury—should have determined his punishment. He argues his waiver of a jury on the issue of guilt or innocence should also have operated to waive a jury on the issue of assessing his punishment. He also argues the State impliedly waived a jury trial on determination of his punishment.

Prior to appellant's trial, appellant signed a document titled, "admonishments to defendant plea of guilty to jury." The trial court and appellant's trial attorney also signed the admonishments. The admonishments included the following:

- The offense of Murder as charged in in (sic) the indictment has a range of punishment of confinement for Life or any term not more than 99 years or less than 5 years in the Institutional Division of the Texas Department of Criminal Justice and an optional fine not to exceed $10,000.

- You have the right to have a jury determine both guilt and punishment. By entering a plea of guilty, you are giving up your right to have a jury determine whether you are guilty of the charged offense.

- There is no punishment recommendation from the State. The jury will determine your sentence because the State has not waived a jury.

- With his counsel of record, the Defendant hereby acknowledges he . . . [w]aives the right to have a jury determine his guilt of the charged offense.

- My attorney has explained to me and I understand the legal effects of waiving my right to have a jury determine my guilt and the consequences of my plea.

- I knowingly, freely and voluntarily waive my rights, and plead "GUILTY."

–2–

Appellant's attorney signed an acknowledgment that provided, "I have explained to the defendant the legal effects of waiving his right to have a jury determine his guilt . . . ."

Appellant's counsel signed an "election on assessment of punishment," which was filed in the trial court. In the election, appellant elected that his punishment, if any, be determined by jury.

In open court, appellant pleaded guilty to murder as charged.

Additionally, the following exchange occurred:

THE COURT: Do you understand you have the right to have a jury determine whether or not you're innocent or guilty in this charge?

THE DEFENDANT: Yes.

THE COURT: Do you understand that because both parties have not waived the jury trial in this case that the jury will decide your punishment if you plead guilty?

THE DEFENDANT: Yes.

THE COURT: You understand that by pleading guilty before a jury that I will instruct the jury to find you guilty and assess punishment according to the applicable law?

THE DEFENDANT: Yes.

During the jury trial on appellant's punishment, appellant's counsel (1) participated in jury selection, (2) made opening and closing jury arguments, (3) cross-examined the State's witnesses, (4) called two witnesses, (5) offered two evidentiary exhibits, and (6) informed the trial court he did not object to the jury

charge on punishment. Appellant did not otherwise object below to the jury determining his punishment.

The jury charge instructed the jury to find appellant guilty of the offense of murder. It instructed the jury to fix punishment. The jury imposed punishment at life imprisonment.

Initially, appellant argues the code of criminal procedure did not authorize the jury to determine his punishment. He argues,

> [I]n this case Appellant executed a written jury waiver that purported to waive a jury as to "guilt/innocence" determination. The Code of Criminal Procedure does not speak to a situation where the trial court accepts a "partial" written jury waiver as to guilt only. *Appellant submits that the jury waiver approved by the trial court applied to remove the jury from any determination of the issue of guilt/innocence and punishment in this case.* A waiver of jury generally places the trial court in the position of determining punishment on a plea of guilt. Appellant arguably did not file a written election as to what entity, judge or jury to set punishment only to waive a jury which would Appellant submits *applied to the whole legal proceeding.*
>
> * * *
>
> In Texas the right of the accused for a jury to assess punishment is a statutory right, that is waived by executing a jury waiver as in this case. Appellant argues that *this waiver can not be limited to guilt only,* because there is no statutory authority for this procedure.

(Emphases added.)

Article 26.14 of the code of criminal procedure provides:

> Where a defendant in a case of felony persists in pleading guilty or in entering a plea of nolo contendere, if the punishment is not absolutely fixed by law, a jury shall be impaneled to assess the punishment and evidence may be heard to enable them to decide thereupon, unless the

defendant in accordance with Articles 1.13 or 37.07 shall have waived his right to trial by jury.

TEX. CODE CRIM. PROC. ANN. art. 26.14.

In construing a statute, we look to the plain meaning of its language unless the language is ambiguous or the plain meaning leads to absurd results that the legislature could not possibly have intended. *See State v. Villa*, No. PD-0756-23, 2024 WL 4757955, at *2 (Tex. Crim. App. Nov. 13, 2024). In conducting a plain meaning inquiry, we read words and phrases in context and construe them according to the rules of grammar and common usage. *See id.* We must presume that every word in a statute has been used for a purpose and that each word, phrase, clause, and sentence should be given effect if reasonably possible. *See id.*

Pursuant to *Villa*, we construe article 26.14 as requiring a jury determination on the issue of appellant's punishment unless he waived a jury on punishment pursuant to article 26.l4. *See* CRIM. PROC. art. 26.14. Here, the appellate record demonstrates appellant (1) entered a plea of guilty to the offense of murder as charged in the indictment, (2) waived a jury trial on the issue of guilt or innocence, and (3) was informed a jury would determine his punishment. Moreover, the appellate record contains no indication that appellant waived a right to have a jury determine his punishment pursuant to article 1.13 or 37.07. *See id.* We conclude the proceedings below complied with article 26.14. We reject appellant's argument that there was no statutory basis for the jury deciding his punishment.

It is a relatively common practice for criminal defendants in a non-capital felony case to plead guilty to a jury, which results in a unitary proceeding. *See, e.g., Carroll v. State*, 975 S.W.2d 630, 631 (Tex. Crim. App. 1998) ("[O]nce the guilty plea is entered, the procedure becomes a 'unitary trial' to determine the remaining issue of punishment."). This quotidian procedure is often referred to as a "slow plea." Appellant argues that this very common procedure has no basis in law. He is incorrect, and this argument borders on frivolity.

Last, appellant argues that "based on how the legal proceedings were conducted, the State impliedly waived, agreed and consented to the waiver of jury even though there was not a signature of the prosecuting attorney for the State." Appellant fails to offer any factual or legal analysis to support that contention. *See* Tex. R. App. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."). He cites, without analysis, *Ex parte Aaron*, 691 S.W.2d 680 (Tex. Crim. App. 1989). The record in *Ex parte Aaron* demonstrated an understanding of the parties that the state had agreed to the applicant's waiver of trial by jury. *See id.* at 684. In contrast, the appellate record in this case demonstrates all parties acted in conformity with the belief that appellant did not waive a jury to assess punishment. The appellate record contains nothing to support appellant's assertion that "the State impliedly waived, agreed and consented to" a waiver of jury determination of punishment. *Ex parte Aaron* is distinguishable from this case.

–6–

We overrule appellant's first issue on appeal.

## Voluntariness of Appellant's Guilty Plea

In his second issue on appeal, appellant argues, "Appellant's plea of guilty was involuntary because he executed a waivier [sic] of jury that was approved by the court and the court proceeded with a jury to set punishment." We have already rejected this argument.

## Admission of the Photograph Was Harmless

In his third issue on appeal, appellant complains the trial court abused its discretion by overruling his objection to admission of state's Exhibit 11, a close-up, color, crime-scene photograph of wounds to the victim's face.

At trial, appellant's counsel stated, "I object to Exhibit 11. It's very graphic and there's some things you just can't unsee after you've seen them, so I object under Rule 403 and 611. It's inflammatory."[1] The State responded, "This witness has

---

[1] Rule 403 of the Texas Rules of Evidence provides,

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence.

TEX. R. EVID. 403.

Rule 611 of the rules of evidence provides,

> **(a) Control by the Court; Purposes.** The court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to:
>
> **(1)** make those procedures effective for determining the truth;
>
> **(2)** avoid wasting time; and
>
> **(3)** protect witnesses from harassment or undue embarrassment.
>
> **(b) Scope of Cross-Examination.** A witness may be cross-examined on any relevant matter, including credibility.

already described the state of her eye at the time so we'd like to show that is the best view of her eyeball at the time." The trial court overruled the objection.

We review the admission or exclusion of evidence for abuse of discretion. *See Beham v. State,* 559 S.W.3d 474, 478 (Tex. Crim. App. 2018). "Under this standard, the trial court's decision to admit or exclude evidence will be upheld as long as it was within the 'zone of reasonable disagreement.'" *Id.* at 478.

Before the State offered Exhibit 11, the State offered Exhibit 8 into evidence. In response, appellant's counsel stated, "No objection, Your Honor." Exhibit 8, police body-cam footage, included a close-up, color, crime-scene image of the victim's facial wounds in a manner very similar to the depiction in Exhibit 11. Exhibit 8 was published to the jury.

Even if admission of Exhibit 11 was erroneous, which we assume here only for purposes of analysis, erroneously admitting evidence will not result in reversal when other such evidence was received without objection, either before or after the complained-of ruling. *See Roberson v. State*, No. 05-22-00190-CR, 2023 WL 8108659, at *8 (Tex. App.—Dallas Nov. 22, 2023, no pet.) (mem. op., not designated

---

**(c) Leading Questions.** Leading questions should not be used on direct examination except as necessary to develop the witness's testimony. Ordinarily, the court should allow leading questions:

**(1)** on cross-examination; and

**(2)** when a party calls a hostile witness, an adverse party, or a witness identified with an adverse party.

*Id.* 611 (bold in original).

for publication) (citing *Coble v. State*, 330 S.W.3d 253, 282 (Tex. Crim. App. 2010); then citing *Estrada v. State*, 313 S.W.3d 274, 302 n.29 (Tex. Crim. App. 2010) (any error in admission of exhibit was harmless in light of proper admission of "very similar" evidence without objection); and then citing *Hill v. State*, No. 05-08-01011-CR, 2020 WL 2124520, at *9 (Tex. App.—Dallas May 5, 2020, no pet.) (mem. op., not designated for publication)). Even if admission of Exhibit 11 was erroneous—which we expressly do not decide—we conclude any such error was harmless. See *Roberson*, 2023 WL 8108659, at *8.

We overrule appellant's third issue on appeal.

<u>The Trial Court Did Not Err in Overruling the State's Asking Appellant What Punishment He Thought He Deserved</u>

In his fourth issue on appeal, appellant complains, "The trial court erred in overruling appellant's objection to the State asking appellant what he thought he deserved as a sentence in this case." The reporter's record includes the following:

> [The State]: So we've talked about this case, we've talked about what happened. We've talked about how you've been coping with everything in the jail. What do you think you deserve in this case?
>
> [Appellant's counsel]: Your Honor, I'll object to the question as outside the realm of relevance.
>
> [The State]: Judge, this is relevance.
>
> THE COURT: Overruled.
>
> [The State]: What do you think you deserve in this case?
>
> A. Whatever they think they should give me.

In this Court, appellant and the State dispute whether the question was relevant.

> Section 37.07 of the Texas Code of Criminal Procedure provides, in part,
>
> Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to . . . his character . . . .

CRIM. PROC. art. 37.07 § 3(a)(1).

The court of criminal appeals has said that evidence is relevant to sentencing, within the meaning of article 37.07, if it is "helpful" to the jury in determining the appropriate sentence for a particular defendant in a particular case. *Beham*, 559 S.W.3d at 479. The concept of relevance expressed in Rule 401 of the Texas Rules of Evidence has been incorporated in to article 37.07 § 3(a). *See id.* at 478. Rule 401 provides that evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. *See* TEX. R. EVID. 401.

Appellant asserts, "The question was not asked to be helpful to the jury as to what Defendant's opinion of his punishment should be rendered by the jury." That mere assertion is not persuasive and does not serve to meet appellant's burden to demonstrate the trial court abused its discretion in overruling appellant's objection. Appellant quotes extensively from two judicial opinions, but he fails to offer argument based on the opinions. Appellant provides conclusions rather than

argument. *See* TEX. R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.").

The trial court did not abuse its discretion in determining the objected-to question would be helpful to the jury in accessing appellant's character. The jury had heard—before it heard the objected-to question and appellant's corresponding answer—extensive evidence concerning the circumstances and details of the murder to which appellant pleaded guilty. With that evidence in mind, the jury could arrive at different conclusions concerning appellant's character depending on his answer to the question. If appellant answered, "I don't deserve any punishment," the jury could make one reasonable inference about his character. If he instead answered, "I deserve life imprisonment," the jury could well make another reasonable inference. The question was helpful and relevant because it would provide some minimal support for, or against, a determination of appellant's character—a fact of consequence to proper punishment. *See Beham*, 559 S.W.3d at 479–80; *see also* CRIM. PROC. art 37.07 § 3(a); TEX. R. EVID. 401.

Appellant argues in this Court that the question violated the province of the jury and was highly prejudicial. Appellant failed to object at trial to the question on those grounds. He failed to preserve those potential arguments for appeal. *See* TEX. R. APP. P.33.1(a).

We overrule appellant's fourth issue on appeal.

Conclusion

We affirm the trial court's judgment.

/Bill Pedersen, III/

230609f.u05                          BILL PEDERSEN, III
Do Not Publish                       JUSTICE
TEX. R. APP. P. 47.2(b)



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ARMANDO DIAZ, JR, Appellant

No. 05-23-00609-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 199th Judicial District Court, Collin County, Texas Trial Court Cause No. 199-81049-2022.
Opinion delivered by Justice Pedersen, III. Justices Molberg and Goldstein participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 2nd day of December, 2024.