JAMES RODNEY CAMPBELL V. STATE

No. 28,196. April 11, 1956.

Appellant's Motion for Rehearing Overruled.
(Without Written Opinion) June 13, 1956.

*Martin & Shown*, by *W. E. Martin*, Houston, for appellant.

*Dan Walton*, District Attorney, *Eugene Brady* and *Thomas D. White*, Assistants District Attorney, Houston, and *Leon Douglas*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

This is a companion case to that of Lawhon v. State, No. 27,959, (page 340 this volume), the state having relied upon a joint assault upon one James P. Roy by appellant and Lawhon.

Appellant was charged by complaint and information with the offense of aggravated assault committed with premeditated design and by use of means calculated to inflict great bodily injury, and the jury found him guilty and assessed his punishment at a fine of $500.

The facts are in substance the same as those heard upon the trial of the Lawhon case, and are found sufficient to sustain the conviction.

On cross-examination Dr. Moers, being interrogated as to the seriousness of the injuries he found on Roy, stated "usually those things do not (cause death). The body has quite a recuperative power but any type of injury in this region could be fatal."

Also, when asked if the kicking and stomping described to him from the state's version of the evidence was a means calculated to produce great bodily injury, he answered "It could."

We see nothing in these answers to distinguish this case from the facts of the Lawhon case.

The question of whether the assault was with a means cal-

culated to produce great bodily injury was for the jury, and the evidence is sufficient to support its finding that it was.

A serious question was injected into the case by the testimony of the assistant district attorney to the effect that, shortly after the assault and while appellant was seated in the patrol car, one of his attorneys who was defending him on this trial, and who witnessed the assault, made the statement "that attack was absolutely unprovoked."

The trial court promptly sustained the objection to such testimony and instructed the jury to disregard it, but declined to grant appellant's motion for mistrial.

The state takes the position that the remark attributed to appellant's counsel was admissible as res gestae, and if not, that the testimony withdrawn was not of such prejudicial nature as to require the granting of a mistrial or to call for reversal.

Other than as may have been raised by his plea of not guilty, there is nothing in the record of this case or of the case against Lawhon to suggest that the assault upon Roy was provoked or justified, or that it was not premeditated.

A reading of the record leads to the conclusion that there was no dispute before the jury but that appellant and Lawhon made an unlawful assault upon Roy. The contested issue was whether the assault was a simple assault or an assault which became aggravated because committed with premeditated design and by the use of means calculated to inflict great bodily injury, to-wit: hands, fists, and feet.

In the light of the record, we conclude that the testimony, if not admissible as res gestae, was not of such prejudicial character as to require the trial court to declare a mistrial.

No reversible error appearing, the judgment is affirmed.