Darwin Loy **HENDERSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 67767.

Court of Criminal Appeals of Texas, Panel No. 1.

July 22, 1981.

Paul Brauchle, Richard Alan Anderson, Dallas, for appellant.

Henry Wade, Dist. Atty., Maridell Templeton, Stewart Robinson and Reed Prospere, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, DALLY and TEAGUE, JJ.

## OPINION

DALLY, Judge.

This is an appeal from a conviction for the offense of aggravated rape; the punishment is imprisonment for life.

The appellant asserts that the trial court failed to properly admonish him on his plea of guilty, and failed to require him to execute a waiver of a right to trial by a jury in writing.

The appellant, who entered a plea of guilty, was charged with aggravated rape, and two prior felony convictions were alleged to enhance his punishment. The trial judge, pursuant to Article 26.13, V.A.C.C.P., only admonished the appellant of the range of punishment for the offense of aggravated rape. The appellant argues that even though the State abandoned and moved the court to strike the enhancement paragraphs, the court erred in failing to admonish the appellant of the punishment that would be assessed if the allegation of the prior felony convictions were found to be true, because the motion to abandon the enhancement paragraphs was not made and ruled on until the plea of guilty had been accepted. This ground of error is frivolous and without merit. See *Ex parte McAtee*, 599 S.W.2d 335 (Tex.Cr.App.1980); *DeVary v. State*, 615 S.W.2d 739 (Tex.Cr.App.1981); *Taylor v. State*, 610 S.W.2d 471 (Tex.Cr. App.1981) (Opinion on Rehearing.)

The appellant also says that the court failed to require him to execute a waiver in writing of his right to trial by jury. The record includes a document entitled "Agreement to Stipulate—Application for Probation" which reads in part:

"Now Comes defendant in the above cause, and would respectfully show that he stands accused by indictment of: aggravated Rape, a First Degree Felony, as charged in the indictment. Defendant having heretofore waived his right to trial by jury, voluntarily and enters his plea of guilty to the charge herein and requests the court accept said plea and proceed to trial without a jury."

We construe the quoted part of the document to be sufficient to meet the requirement of Arts. 1.13, 1.14 and 1.15, V.A.C.C.P. The judgment recites that

"Darwin Loy Henderson appeared in person and his counsel Paul Brauchle also being present and both parties announced ready for trial, and the Defendant in person and in writing in open Court having waived his right of trial by jury, such waiver being with the consent and approval of the Court and now entered of record on the minutes of the Court and such waiver being with the consent and approval of the Criminal District Attorney of Dallas County, Texas, in writing signed by him . . . ."

Both grounds of error are without merit and are overruled.

The judgment is affirmed.