Melvin Earl LAWRENCE, Appellant,

v.

The STATE of Texas, Appellee.

No. 68316.

Court of Criminal Appeals of Texas, Panel 3.

Dec. 9, 1981.

Rehearing Denied Jan. 20, 1982.

Melvyn Carson Bruder, Dallas, for appellant.

Henry Wade, Dist. Atty., William D. Sheetz and John L. Hubble, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and DALLY, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for robbery. Trial was before the court upon a plea of nolo contendere and punishment was assessed at five years.

Initially, appellant contends that it was error for the court to proceed to trial without first securing a waiver to a jury trial in compliance with Art. 1.13, V.A.C.C.P., which reads as follows:

"The defendant in a criminal prosecution for any offense classified as a felony less than capital shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that such waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the State. The consent and approval by the court shall be entered of record on the minutes of the court, *and the consent and approval of the attorney representing the State shall be in writing, signed by him, and filed in the papers of the cause before the defendant enters his plea.* Before a defendant who has no attorney can agree to waive the jury, the court must appoint an attorney to represent him." (Emphasis supplied).

Appellant argues that the trial court proceeded without an effective jury waiver because the State, acting by and through the prosecutor, failed to sign the jury waiver agreement. The record clearly supports appellant's argument.

In *Ex Parte Felton*, 590 S.W.2d 471 (Tex.Cr.App.), this Court considered whether the absence of a defendant's signature on a written waiver of right to a jury trial rendered the waiver ineffective. It was held that a printed form for the waiver of a jury trial only becomes effective after execution by the parties sought to be bound. In *Ex Parte Collier*, 614 S.W.2d 429 (Tex.Cr. App.), this Court held "that in the absence of a showing of harm a valid conviction may not be set aside by habeas corpus or collateral attack merely because the State failed to sign the consent to the jury waiver . . . where the evidence does show that the State did in fact agree to such waiver." Id. at 434. In the case at bar, however, appellant raises the lack of compliance with Art. 1.13, supra, on direct appeal.

In *Thompson v. State*, 226 S.W.2d 872 (Tex.Cr.App.), the defendant on direct appeal complained of a failure in the record to show a consent in writing by the State's attorney to a waiver of a jury as required by Art. 10a, V.A.C.C.P. (1925) (Art. 10a, supra, was amended in 1959 resulting, with minor changes, in Art. 1.13, V.A.C.C.P.). The absence of a written consent signed by the State was held in *Thompson* to constitute reversible error. See also *Ex Parte Marzulla*, 343 S.W.2d 701 (Tex.Cr.App.); *Ex Parte Foster*, 162 Tex.Cr.R. 191, 283 S.W.2d 761; *Ex Parte Ammons*, 290 S.W.2d 668 (Tex.Cr.App.). Art. 1.13, supra, is quite clear in its requirement that the prosecutor sign the waiver agreement. The language of Art. 1.13, supra, plainly requires that the consent to a waiver of the right to trial by jury by the attorney representing the State "shall be in writing, *signed by him*, and filed in the papers of the cause before the defendant enters his plea." (Emphasis added).

The prosecutor's post-conviction affidavits as to his intent to sign the waiver forms does not satisfy the explicit requirements of Art. 1.13, supra, where the appellant has raised the error on direct appeal.[1]

---

1. In an additional ground of error, appellant contends that the trial court erred in failing to grant his motion to set aside the indictment. The motion alleged a violation of the Speedy

The judgment is reversed and the cause remanded.

Trial Act (Art. 32A.01 et seq., V.A.C.C.P.). In *Luna v. State*, 602 S.W.2d 267 (Tex.Cr.App.), this Court held that a plea of guilty waives the right afforded under the Speedy Trial Act. A plea of nolo contendere has the same legal effect as a plea of guilty. See *Sowell v. State*, 503 S.W.2d 793 (Tex.Cr.App.); Art. 27.02(5), V.A.C.C.P.