**Albert Sidney BLACKWELL III, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05-81-01239-CR.**

Court of Appeals of Texas, Dallas.

March 10, 1983.

Rehearing Denied April 7, 1983.

Discretionary Review Refused July 13, 1983.

Angie Henson, Dallas, for appellant.

Henry Wade, Dist. Atty., Jeffery Keck, Asst. Dist. Atty., for appellee.

Before CARVER, FISH and MALONEY, JJ.

MALONEY, Justice.

This is an appeal from a conviction for the offense of aggravated assault. Trial was before the court upon a plea of nolo contendere and punishment was assessed at seven years confinement in the Texas Department of Corrections.

■ Appellant argues that the record does not contain (1) an effective jury waiver signed by the appellant or (2) a written consent and approval of appellant's jury waiver signed by the State's attorney, both of which are required by Tex.Code Crim. Pro.Ann. art. 1.13 (Vernon 1977). Although we find that the record does contain an effective jury waiver by appellant, we hold that it does not contain the written consent and approval by the State as required by this statute. Consequently, we must reverse and remand.

Tex.Code Crim.Pro.Ann. art. 1.13 (Vernon 1977) reads:

The defendant in a criminal prosecution for any offense classified as a felony less than capital shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that such waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the State. The consent and approval by the court shall be entered of record on the minutes of the court, *and the consent and approval of the attorney representing the State shall be in writing, signed by him, and filed in the papers of the cause before the defendant enters his plea. Before a defendant who has no attorney can agree to waive the jury, the court must appoint an attorney to represent him.* (Emphasis supplied).

■ In the record is a document signed by appellant entitled "Agreement To Stipulate—Application For Probation" which states in part: "Defendant having heretofore waived his rights to trial by jury, voluntarily enters his plea of guilty to the charge herein, and requests the Court accept said plea and proceed to trial without a jury." This statement is almost identical to that quoted in *Henderson v. State,* 619 S.W.2d 175 (Tex.Cr.App.1981) in which the Court of Criminal Appeals held this language to be sufficient to meet the requirements of article 1.13. We hold therefore, that the record in this case does contain an effective waiver of appellant's right to a jury trial.

■ Appellant also asserts as error the omission from the record of a written consent to jury waiver signed by the attorney for the State. Compliance with the requirements of article 1.13 of the Texas Code of Criminal Procedure is a prerequisite to a trial without a jury in a felony case. *Lawrence v. State,* 626 S.W.2d 56 (Tex.Cr.App. 1981); *Thompson v. State,* 154 Tex.Cr.R. 273, 226 S.W.2d 872 (1950). In the record, the only document signed by the State's attorney is one entitled "State's Recommendation" in which appellant, his attorney and the State's attorney agreed to an "open plea." The State argues that this document, taken together with the recitations of compliance in the judgment, meets the requirements of article 1.13, with regard to a written waiver by the State just as the agreement to stipulate filed in *Henderson* was held to be sufficient to meet the requirements of a written waiver by defendant. They cite no authority to support this contention other than *Henderson.* We decline to extend *Henderson* beyond its express holding.

■ We recognize there are instances where failure to comply with article 1.13 will not require reversal.. In the absence of a showing of harm, a valid conviction will not be set aside by habeas corpus or other collateral attack merely because the State failed to sign the consent to the jury waiver of a defendant when the evidence shows that the State agreed to the waiver. *Ex parte Collier,* 614 S.W.2d 429 (Tex.Cr.App. 1981) (*en banc*); *Gonzalez v. State,* 508 S.W.2d 388 (Tex.Cr.App.1974). While the instant case falls within the guidelines of *Collier* in that there is no showing of harm to appellant and no showing that the State's attorney did not consent to the waiver of a jury trial, this case is a direct appeal of the conviction, and is controlled by *Lawrence.* Therefore, no showing of harm is required. The absence from the record of written consent by the State's attorney to appellant's jury waiver is reversible error.

The judgment is reversed and the cause remanded.

CARVER, Justice, dissenting.

I respectfully dissent, because the State's failure to consent in writing to the defendant's waiver of a jury trial as provided by Tex.Code Crim.Pro.Ann. art. 1.13 (Vernon 1977) cannot be said to be an omission calculated to injure the rights of the defendant nor can it be said that such omission prevented the defendant from receiving a fair and impartial trial.

It will be readily noted that my reason for dissent above stated is drawn from article 36.19, Tex.Code Crim.Pro. (Vernon 1977), in which the Legislature declared that any error by disregarding five articles relative to the charge of the court in criminal cases should not warrant reversal unless the error was calculated to injure the rights of the defendant or unless it appeared from the record that the defendant had not had a fair or impartial trial. I submit that if the doctrine of harmless error (to the defendant) is applied to the court's charge, surely the same doctrine of harmless error is equally applicable to the State's omission here. Consequently, I would hold that the State's failure to consent in writing to the defendant's waiver of a jury trial was harmless, borrowing the legislative standard applied in article 36.19.

I cannot dispute the authorities cited in support of the majority's opinion, but urge that such authorities, on reconsideration, should be overruled by holding the State's omission did not support reversal unless the error appearing from the record was calculated to injure the rights of the defendant, or unless it appears from the record that the defendant had not had a fair or impartial trial.