**James Steven HOOBLER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–84–0434–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 8, 1985.

Ronald N. Hayes, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Karen Zellars, Harris County Asst. Dist. Atty., Houston, for appellee.

Before DUGGAN, WARREN and HOYT, JJ.

## OPINION

DUGGAN, Justice.

Appellant pleaded guilty to two counts of sexual assault of a child. Following a presentence investigation report, the court assessed punishment at 10 years confinement.

In his sole ground of error, appellant contends that the trial court erred in accepting his guilty plea without first obtaining the signature of the State's attorney to the written waiver of his right to a jury trial, as required by Texas Code Crim.P. Ann. art. 1.13 (Vernon 1977). Article 1.13 states, in pertinent part:

> The defendant in a criminal prosecution for any offense classified as a felony less than capital shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned however, that such waiver must be made in person by the defendant in writing in open court with the consent and approval of the

court, and the attorney representing the State. The consent and approval by the court shall be entered of record on the minutes of the court, and *the consent and approval of the attorney representing the State shall be in writing, signed by him, and filed in the papers of the cause before the defendant enters his plea. . . .*

(Emphasis added).

It is undisputed that the State's attorney did not sign the written waiver of jury trial which he, the prosecutor, introduced in evidence, and which contained the signatures of the appellant, the appellant's attorney, and the trial judge. It is further undisputed that appellant was not deprived of the right to a jury trial; he does not deny that he waived trial by jury. Neither does he claim that the prosecutor did not consent to the waiver of jury trial. He simply urges that the State's attorney never signed the printed waiver form.

The record likewise reflects that no objection was made at trial to the absence of the prosecutor's signature on the waiver, that no motion for new trial or in arrest of judgment was made, and that no claim or showing of harm is made. Appellant therefore presents his ground as a claim of fundamental error.

The panel opinion in *Lawrence v. State,* 626 S.W.2d 56 (Tex.Crim.App.1981), is direct authority that reversal is required in our fact situation. However, we are persuaded by the recent decision in *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App. 1985) (en banc), which redefines "fundamental error" in an art. 36.19 context, that the Texas Court of Criminal Appeals now applies a different test in considering a claim of fundamental error. This test, applied in an art. 1.13 compliance context, as in the present case, requires an affirmance of the trial court's judgment.

An examination of the history of art. 1.13, and its 1925 Penal Code predecessor, art. 10a, shows that in times past the Texas Court of Criminal Appeals has construed the statute to require reversal both on di-

rect appeal and on post-conviction collateral attack when the facts showed that the State's attorney failed to sign the defendant's written waiver of jury trial.

That result was changed as to post-conviction collateral attack in *Ex parte Collier,* 614 S.W.2d 429 (Tex.Crim.App.1981). There, Presiding Judge Onion pointed out that prior to the 1931 passage of art. 10a, a defendant was compelled to have a jury trial even on a guilty plea, and that the legislative purpose of art. 10a was to afford the defendant the primary right of waiver of jury trial, limited only by the State's right to refuse.

> The change brought about by Article 10a, supra, in 1931 permitted the defendant in a non-capital felony case to waive trial by jury and enter a guilty plea before the court.... *For the benefit of the State, however, the prosecution was also given the benefit or right of first consenting to such waiver before a non-jury trial.* See *Ex parte Smith,* supra. This was to insure that both parties in a non-capital felony criminal case had to agree if there was to be no jury trial. Obviously *to avoid controversy as to the State's agreement, its consent to the jury waiver was to be made manifest of record by being in writing signed by the prosecutor and filed among the papers of the cause.*

Article 1.13, supra, now applies to any plea before the court in a non-capital case where a jury is waived.

We conclude that it would be ridiculous to set aside a conviction as in the instant case based merely upon the missing signature of the district attorney when it is obvious that the State did indeed consent to the jury waiver.

614 S.W.2d at 434 (emphasis added).

Having thus considered (1) the legislative purpose of former art. 10a and present art. 1.13, i.e., to afford the defendant a primary right of waiver of jury trial, (2) the fact of the State's consent apart from the omitted signed waiver, and (3) the absence of any claim of harm, a seven-member majority of

the court held, with one concurrence and one dissent, that

> in the absence of a showing of harm a valid conviction may not be set aside by habeas corpus or collateral attack merely because the State failed to sign the consent to jury waiver ... where the evidence does show that the State did in fact agree to such waiver.

614 S.W.2d at 434.

In contrast to *Ex parte Collier,* the panel decision in *Lawrence,* 626 S.W.2d 56 reversed and remanded upon a comparable fact situation, interpreting *Collier*'s reasoning as limited to collateral attack contentions and inapplicable to direct appeals. *Lawrence* made no mention of the legislative history or purpose of former art. 10a or the present art. 1.13, and gave no apparent consideration to whether harm had occurred. Neither *Thompson v. State,* 154 Tex.Cr.R. 273, 226 S.W.2d 872 (1950), nor *Ex parte Felton,* 590 S.W.2d 471 (Tex. Crim.App.1979), the cases primarily relied on in *Lawrence,* considered whether harm or prejudice resulted to the defendant because of the State's omission to fully comply with the statute's jury waiver requirement.

In *Guster v. State,* 522 S.W.2d 494 (Tex. Crim.App.1975), the court held that in the absence of an objection at trial or by motion for new trial, a failure to comply fully with the statutory requirements of Tex. Code Crim.P.Ann. art. 26.13 did not constitute reversible error unless it is shown that the defendant has been harmed or prejudiced.

Although *Almanza v. State, supra,* dealt specifically with error in jury charges in the context of art. 36.19, its re-examination of fundamental error should be applicable to other instances of failure to comply fully with statutory requirements. *Almanza* defines "fundamental error" as egregious error that creates such harm as to deprive an accused of a fair and impartial trial, and holds that finding error begins, not ends, the inquiry as to harm. The appropriate inquiry is one that encompasses review of the evidence and the record as

a whole to determine whether there was substantial compliance with statutory requirements, and whether there was actual harm to the accused.

Applying this test, we find that: (1) appellant was allowed the waiver of jury trial he sought; (2) the State's attorney consented in fact to appellant's waiver, as shown by the prosecutor's examination of appellant about the waiver document and introduction of the instrument as the State's exhibit; and (3) appellant neither urges nor shows harm as a result of the prosecutor's omission to sign the waiver instrument. Appellant's ground of error is overruled.

The judgment is affirmed.