## Norman Lee WATSON, Appellant,

v.

## The STATE of Texas, Appellee.

### No. 07–86–0168–CR.

Court of Appeals of Texas, Amarillo.

April 27, 1987.

Discretionary Review Refused July 22, 1987.

Terrence W. McDonald, San Antonio, for appellant.

Randall Sherrod, Dist. Atty., Canyon, Wesley G. Clayton, Mark A. Wilson, Asst. Dist. Attys., for appellee.

Before REYNOLDS, C.J., and COUNTISS and BOYD, JJ.

REYNOLDS, Chief Justice.

After a bench trial, appellant Norman Lee Watson was convicted of theft from a person, for which the court, upon consideration of appellant's three previous felony convictions, assessed his punishment at confinement for twenty-five years. Appellant seeks a reversal and acquittal upon two contentions of error.[1]

First, he contends the court erred in accepting his plea of guilty before the written waiver of right to trial by jury had been signed, consented to, approved, and filed. Second, he contends the evidence is insufficient to show he appropriated the property by "acquiring" it. Upon the rationale expressed, the contentions will be overruled and the judgment will be affirmed.

In brief, the indictment charged that appellant appropriated currency from William King by "acquiring and otherwise exercising control over" it. Trial began before a jury upon appellant's plea of not guilty; but, before the commencement of proceedings scheduled for 1 p.m., appellant, represented by retained counsel, made it known to the court that he wished to withdraw his plea of not guilty, waive his right to trial by jury, and enter a plea of guilty before the court.

The court, confirming appellant's expressed wish, conducted a searching in-

---

1. Appellant's contentions are drafted as grounds of error, albeit his brief was filed subsequent to the 1 September 1986 date on and after which contentions relied upon are to be expressed as points of error. Tex.R.App.Proc. 74(d).

quiry and thoroughly admonished appellant as to the consequences of his guilty plea, noting, with appellant's acquiescence, that there was no plea bargain. Then, the following is recorded:

THE COURT: Are there any more admonishments, any further admonishments either the State or the Defense would request?

MR. SHERROD [District Attorney]: Waiver of jury.

THE COURT: That's [*sic*] needs to be done in writing.

MR. SHERROD: We'll get that done later. That's all.

THE COURT: Mr. Conaway [appellant's counsel], anything further you request?

MR. CONAWAY: No, sir....

THE COURT: [W]e are getting a written waiver of jury trial here that we will have in just a moment.

Now, Mr. Watson, just so we understand each other, have you understood everything that I have talked to you about this afternoon?

THE DEFENDANT: Yes, sir.

THE COURT: Is it your desire to waive those rights that I have talked to you about and still enter pleas of guilty and pleas of true to the enhancement paragraphs in this case?

THE DEFENDANT: Yes, sir.

\* \* \* \* \* \*

THE COURT: All right....

It is also recorded that the written waiver of the right of trial by jury, properly executed by both appellant and the attorney representing the State and approved by the court, was filed at 4:33 p.m. on the day of the bench trial. Consistent with this chronology, the judgment recites that

the plea of guilty is by the Court received and now entered of record in the Minutes of the Court as the plea herein of said defendant; thereupon the defendant, his counsel, and the District Attorney announced in open Court that they, and each of them, agreed in writing to waive a jury in this cause, and to submit this cause to the Court, and the Court having heard the *indictment* read, the defendant's plea thereto, and after having heard all the evidence....

Neither appellant nor his retained counsel voiced any objection to the order of the proceedings.

Now, for the first time on appeal, appellant, conceding that he orally waived his right to trial by jury, complains that the jury waiver was not signed until some time after his plea of guilty was accepted and he was found guilty.[2] He submits that the execution of the waiver after he entered his plea is fundamental error for violation of the statute prescribing the written waiver. As material to the complaint, the statute provides that:

The defendant in a criminal prosecution for any offense classified as a felony less than capital shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that such waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the State. The consent and approval by the court shall be entered of record on the minutes of the court, and the consent and approval of the attorney representing the State shall be in writing, signed by him, and filed in the papers of the cause before the defendant enters his plea.

---

**2.** In entertaining appellant's complaint, we have not overlooked the State's position that appellant waived it by failing to object to the procedure in the trial court; but, if the complaint is not waived, the recitation in the judgment that "the defendant, his counsel, and the District Attorney announced in open Court that they, and each of them, agreed in writing to waive a jury in this cause, and to submit this cause to the Court" shows the waiver of jury trial was properly executed in accordance with article

1.13, Texas Code of Criminal Procedure Annotated (Vernon 1977). The State's position is untenable since it was noticed in *Lawrence v. State,* 626 S.W.2d 56, 57 (Tex.Cr.App.1981), that noncompliance with article 1.13 may be raised on direct appeal, and in *Breazeale v. State,* 683 S.W.2d 446, 450 (Tex.Cr.App.1985), that the presumption of regularity created by recitals in the judgment can be overcome when the record affirmatively reflects, as this record does, that error occurred.

Tex.Code Crim.Proc.Ann. art. 1.13 (Vernon 1977).

On this record, it is undisputed that upon entering his plea, appellant personally waived his right of trial by jury in open court with the approval of the court and the district attorney, which was later reduced to writing. This action satisfied the first-sentence provision of article 1.13, there being no requirement that a defendant execute the waiver before he enters his plea.

There is no suggestion that the judgment is erroneous in reciting that consent and approval by the court was entered in the minutes of the court as provided for by the first independent clause of the second sentence of article 1.13. It is to be noticed that the provision does not specify a particular time for the entry of the court's consent and approval, it being recognized that the acceptance of the defendant's waiver of jury and entry of his plea evidences the court's consent and approval, the entry of which in the minutes necessarily is made after the trial. *Schoolcraft v. State*, 129 Tex.Cr.R. 608, 91 S.W.2d 361, 362 (1936).

However, it is equally undisputed that the command of the second independent clause in the second sentence, *i.e.*, that the prosecutor's written consent to appellant's waiver of jury trial be filed before the plea is entered, was not obeyed when the execution and filing was made after appellant entered his plea. The question, then, is whether appellant is entitled, as he contends, to have his conviction set aside because of noncompliance with this provision of article 1.13. The question is a novel one, not having been raised in any case cited by the parties nor discovered by our independent research.

■ On first consideration, there is surface plausibility to appellant's contention, for in the somewhat analogous situation where the attorney representing the State failed to sign the waiver form, albeit he intended to, it is said that this failure to comply with the clear requirements of article 1.13 is reversible error that may be raised on direct appeal. *Lawrence v. State*, 626 S.W.2d 56, 57 (Tex.Cr.App.1981).

Not even the prosecutor's post-conviction affidavit reflecting his intent to sign the waiver form can satisfy the article 1.13 requirements and prevent reversal. *Ex Parte Aaron*, 691 S.W.2d 680, 683 (Tex.Cr. App.1985). However, when the *Lawrence* situation arose again in *Hoobler v. State*, 695 S.W.2d 785 (Tex.App.—Houston [1st Dist.] 1985, pet'n granted), the intermediate appellate court, though acknowledging the *Lawrence* holding, applied the fundamental error test of *Almanza v. State*, 686 S.W.2d 157 (Tex.Cr.App.1985), to determine that defendant suffered no harm as a result of the prosecutor's omission to sign the waiver instrument, and held that the omission was not reversible error.

The *Hoobler* court's approach is compatible with the preception that in recent times the trend in the Court of Criminal Appeals has been to render the provisions of article 1.13 directory rather than mandatory. *Ex parte Collier*, 614 S.W.2d 429, 436 (Tex.Cr. App.1981) (Clinton, J., concurring). Moreover, granting the error of failure to comply with the time requirement for filing the prosecutor's written consent and approval which, by more compelling precedent in analogous situations, would be reversible error, still reversal will not follow if, after the adoption and promulgation of the Texas Rules of Appellate Procedure effective 1 September 1986, we determine "beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment." Tex.R.App.Proc. 81(b)(2).

In this regard, the provision violated was enacted, not to serve the accused's interest, but to serve the State's interest of doing justice in the method of trial of criminal accusations; it conditions an accused's statutory right to waive a jury trial on the written consent and approval of the attorney representing the State, who can compel a jury trial by withholding consent and approval upon the belief that justice is done by requiring the accused to be tried by a fair and impartial jury of his peers. *State ex rel. Turner v. McDonald*, 676 S.W.2d 371, 373–74 (Tex.Cr.App.1984). The purpose of requiring the prosecutor's written consent and approval is to avoid controver-

sy over the State's agreement to the jury waiver. *Ex Parte Collier, supra,* at 434.[3] Here, it is undisputed that the district attorney consented to and approved appellant's waiver of jury trial, albeit the written manifestation thereof was not filed before the appellant entered his plea.

◼ Furthermore, appellant does not claim either that he was deprived of a jury trial or that neither he nor the district attorney waived trial by jury; indeed, appellant concedes the waiver of a jury trial. He asserts no harm; he contends only that the court erred in accepting his guilty plea before the waiver was reduced to writing and filed. Under these circumstances, we have no hesitancy in determining beyond a reasonable doubt that the error made no contribution to appellant's conviction or to his punishment.

In the somewhat analogous situation where the prosecutor consented to defendant's waiver of trial by jury but failed to sign the written form, the Court of Criminal Appeals held that defendant's conviction was immune from collateral attack for this reason, saying at one point:

> We conclude that it would be ridiculous to set aside a conviction as in the instant case based merely upon the missing signature of the district attorney when it is obvious that the State did indeed consent to the jury waiver.

*Ex parte Collier, supra,* at 434. Even though the noncompliance is directly attacked in the appeal before us, in view of our prior determination that reversible error in not presented by virtue of our rule 81(b)(2), *supra,* determination, we paraphrase the *Collier* conclusion to express that:

> We conclude that it would be ridiculous to set aside the conviction in the instant case based merely upon the late filing of the written jury waiver when it is obvious that appellant did indeed waive his right to trial by jury, and the prosecutor

and the court did indeed consent to the jury waiver.

Appellant's first contention is overruled.

In support of his plea of guilty, appellant testified, and admitted it was true that on the day and in the place alleged, he

> intentionally and knowingly, with the intent to deprive the owner, William King, of property, namely, good and lawful currency of the United States of America, unlawfully appropriate [*sic*] by *applying* and otherwise exercising control over that property from the person of William King without the effective consent of William King[.] (Emphasis added.)

He now asserts, as his second contention of error, that the evidence is insufficient to support his conviction because there is a fatal variance between the indictment allegation of his "acquiring" the property and his testimony of his "applying" the property, especially since the two words have entirely different meanings.

◼ It is unnecessary to address the variance; for, as an answer to the contention, it suffices to note that the record contains appellant's written judicial confession by which in open court he swore, among other things, that he "committed each and every element alleged" in the indictment, and that he is "guilty as charged." This judicial confession constitutes evidence sufficient to support the judgment of conviction. *Potts v. State,* 571 S.W.2d 180, 182 (Tex.Cr. App.1978). Appellant's second contention is overruled.

The judgment is affirmed.

---

**3.** In its marginal note 2 on this page, the *Collier* court cautions, with particular applicability to our appeal, that a few minutes spent in the trial court to assure compliance with article 1.13 will avoid many hours consumed in the appellate process because of noncompliance.