Jorge A. MONCIVAIZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–87–243–CR.

Court of Appeals of Texas, Corpus Christi.

June 16, 1988.

Peter C. Gilman, Brownsville, for appellant.

Ben Euresti, Jr., Brownsville, for appellee.

Before NYE, C.J., and DORSEY and SEERDEN, JJ.

## OPINION

DORSEY, Justice.

Appellant, Jorge Moncivaiz, was indicted for burglary of a habitation and pled guilty. The trial court, sitting without a jury, deferred the adjudication of guilt and placed appellant on probation for five years. Three years later, the court revoked appellant's probation after finding that he violated several of his probationary terms and conditions. It then adjudged appellant guilty of the original burglary offense and sentenced him to fifteen years in the Texas Department of Corrections. By five points of error, appellant claims his conviction is void because his guilty plea was illegally received and because the plea was not substantiated by the evidence. We reverse and remand.[1]

By his first point, appellant contends that his guilty plea was received in violation of Tex.Code Crim.Proc.Ann. art. 1.13 (Vernon 1977), in that although he filed a written waiver of jury trial that was approved by the court, a representative of the State did not agree in writing to the waiver.

Article 1.13 states:

The defendant in a criminal prosecution for any offense classified as a felony less than capital shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that such waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the State. The consent and approval by the court shall be entered of record on the minutes of the court, and *the consent and approval of the attorney representing the State shall be in writing, signed by him, and filed in the papers of the cause before the defendant enters his plea.* (emphasis ours).

The record contains a written waiver of jury signed by the appellant and approved by the trial judge. However, the signature line for the district attorney as representative of the State consenting to such waiver is blank. The State's written consent does not appear anywhere else in the record.

1. No brief has been filed by the State. We thus do not address the issue of possible waiver of the right of appeal by virtue of a plea bargain agreement pursuant to Tex.Code Crim.Proc. Ann. art. 44.02 (Vernon 1977), now found in Tex.R.App.P. 40(b)(1). *See Ex Parte Howard,* 685 S.W.2d 672 (Tex.Crim.App.1985); *see also Ex Parte Hernandez,* 705 S.W.2d 700 (Tex.Crim. App.1986).

The absence of a written consent signed by a representative of the State is reversible error in view of the clear statutory mandate of Article 1.13. *Hoobler v. State*, 730 S.W.2d 755 (Tex.Crim.App.1987); *Lawrence v. State*, 626 S.W.2d 56, 54 (Tex. Crim.App.1982). That rule applies when the judgment of conviction is under direct appeal, although not when under collateral attack. *See Ex Parte Aaron*, 691 S.W.2d 680, 683 (Tex.Crim.App.1985). The instant case is a direct appeal, so the rule of *Lawrence* applies.

However, the order deferring adjudication states as follows:

Thereupon, the Defendant, in person in open court, having waived the right of trial by jury in writing, requested the Court to approve the waiver of jury. *The Court then determined* that such waiver in writing, signed by the Defendant, had been filed herein before the Defendant entered his plea of guilty and that *the attorney representing the State had consented in writing to such waiver.* (emphasis ours).

The recitals in a formal judgment of a trial court create a presumption of regularity and truthfulness. *Breazeale v. State*, 683 S.W.2d 446, 450–451 (Tex.Crim.App.1984). Those recitals will not be set aside unless the record affirmatively reflects that error occurred. *Breazeale* at 450.

The *Breazeale* opinion refers to *Ex Parte Felton*, 590 S.W.2d 471 (Tex.Crim.App. 1979) as an example of a case in which such an affirmative showing was made.

In *Felton*, the appellant was convicted by the court on his plea of guilty. The judgment contained the following recital:

[I]t appearing to the Court that the Defendant, his counsel, *and the State's attorney have agreed in writing* in open court to waive a jury in the trial of this cause and to submit this cause to the Court; and the Court having consented to the waiver of a jury herein, the indictment was read, and the Defendant en-

tered his plea of guilty hereto ... (emphasis ours).

Nevertheless, the Court reversed the conviction under article 1.13 because the printed jury waiver form which was filed with the trial court was not signed by the accused.[2]

Similarly, in the case at bar, the signature line for the assistant District Attorney on the waiver form is blank. We find this omission constitutes an affirmative showing that appellant's guilty plea was received in violation of article 1.13. *See Breazeale*, 683 S.W.2d at 450; *Aaron*, 691 S.W.2d at 683.

Point of error number one is sustained.

Although we are reversing the conviction based on point one, we will also address appellant's claimed insufficiency of the evidence. Appellant asserts in his third point of error that his guilty plea is not adequately supported by the evidence because the State failed to show that he entered a habitation without the owner's consent.

A plea of guilty does not authorize a conviction in a bench trial unless there is evidence offered to support the plea and judgment. *Dinnery v. State*, 592 S.W.2d 343, 351 (Tex.Crim.App.1980); Tex. Code Crim.Proc.Ann. art. 1.15 (Vernon 1977).

However, in the instant case, no statement of facts of the original deferred adjudication hearing were filed with this Court. Furthermore, appellant has not demonstrated that he has been improperly deprived of the statement of facts. *See Timmons v. State*, 586 S.W.2d 509, 512 (Tex. Crim.App.1979); *Aguirre v. State*, 680 S.W.2d 567, 570 (Tex.App.—Corpus Christi 1984, no pet.).

In the absence of a statement of facts, where there is no contention that appellant has been improperly deprived of one, we must assume that sufficient evidence was introduced to support the conviction. *Ely v. State*, 582 S.W.2d 416, 421 (Tex.Crim. App.1979); Tex.R.App.P. 50(d); Tex.Code

---

**2.** *Cf.*, 683 S.W.2d 446 (presumption of truthfulness of judgment not overcome where no jury

waiver form was filed by appellant).

Crim.Proc.Ann. art. 40.10 (Vernon 1979). We overrule point of error number three.

The judgment of the trial court is REVERSED and the cause REMANDED for new trial.

NYE, C.J., dissents.

NYE, Chief Justice, dissenting.

I respectfully dissent, because the State's failure to consent in writing to the appellant's waiver of a jury trial as provided by Tex.Code Crim.Proc.Ann. art. 1.13 (Vernon 1977) cannot be said to be an omission sufficient to violate the appellant's rights, nor can it be said that the omission, *"beyond a reasonable doubt,"* made a contribution to appellant's conviction or his punishment. Tex.R.App.P. 81(b)(2) (eff. Sept. 1, 1986).

My dissent is based upon several reasons and the following authorities. In *Watson v. State,* 730 S.W.2d 150 (Tex.App.—Amarillo 1987, pet. ref'd), defendant was convicted of theft pursuant to a bench trial and appealed. He contended that the trial court erred in accepting his plea of guilty before the written waiver of right to trial by jury had been signed, consented to, approved, and filed. In *Watson,* a written waiver of the right of trial by jury, properly executed by the defendant and the State and approved by the court, was filed at 4:33 p.m. on the day of the bench trial. The judgment stated:

> [T]he plea of guilty is by the Court received and now entered of record in the Minutes of the Court as the plea herein of said defendant; thereupon the defendant, his counsel, and the District Attorney announced in open Court that they and each of them, agreed in writing to waive a jury in this cause, and to submit this cause to the Court, and the Court having heard the *indictment* read, the defendant's plea thereto,....

The defendant in *Watson* urged that the execution of the waiver after he entered his plea was fundamental error in violation of Tex.Code Crim.Proc.Ann. art. 1.13 (Vernon 1977).

The *Watson* court noted that according to compelling precedent in analogous situations, failure to comply with the time requirement for filing the prosecutor's written consent and approval would normally be reversible error. However, reversal will not follow if the error, "beyond a reasonable doubt," makes no contribution to the conviction or punishment under Tex.R.App. P. 81(b)(2).

In concluding that the error did not violate Tex.R.App.P. 81(b)(2), the Amarillo Court of Appeals stated:

> Here, it is undisputed that the district attorney consented to and approved appellant's waiver of jury trial, albeit the written manifestation thereof was not filed before the appellant entered his plea.
>
> Furthermore, appellant does not claim either that he was deprived of a jury trial or that neither he nor the district attorney waived trial by jury; indeed, appellant concedes the waiver of a jury trial. He asserts no harm; he contends only that the court erred in accepting his guilty plea before the waiver was reduced to writing and filed. Under these circumstances, we have no hesitancy in determining beyond a reasonable doubt that the error made no contribution to appellant's conviction or to his punishment.

In *Ex parte Collier,* 614 S.W.2d 429, 430 (Tex.Crim.App.1981), a judgment reflected that the State consented to defendant's waiver of trial by jury. The State's attorney failed to sign the waiver, but did file a post-plea affidavit stating that there was a plea bargain, the State agreed to the waiver, and the State's failure to sign the waiver was inadvertent. *Ex parte Collier,* 614 S.W.2d at 430. The Court of Criminal Appeals noted that the petitioner did not contend he desired a jury trial or was deprived of the right. The defendant did not deny that he waived a trial by jury. The evidence is clear that the State consented to the waiver of trial by jury by petitioner.

In denying petitioner's relief, the Texas Court of Criminal Appeals stated:

We conclude that *it would be ridiculous* to set aside a conviction as in the instant case based merely upon the missing signature of the district attorney when it is obvious that the State *did indeed consent to the jury waiver.* (emphasis mine).

*Ex parte Collier,* 614 S.W.2d at 434.

In his concurring opinion, Judge Clinton pointed out that in more recent times, the Texas Court of Criminal Appeals has rendered directory rather than mandatory Tex. Code Crim.Proc.Ann. art. 1.13 (Vernon 1977). *Ex parte Collier,* 614 S.W.2d at 436.

I am mindful of the rulings in *Blackwell v. State,* 648 S.W.2d 768, 770 (Tex.App.—Dallas 1983, no pet.) and *Hoobler v. State,* 730 S.W.2d 755, 756–757 (Tex.Crim.App. 1987). In *Blackwell* and *Hoobler,* the absence from the record of written consent by the State's attorney to a defendant's jury waiver was held to be fundamental error requiring reversal. Even though the defendants in *Blackwell* and *Hoobler* raised the issue of lack of compliance with Tex.Code Crim.Proc.Ann. art. 1.13 (Vernon 1977) on direct appeal, the *Blackwell,* decision occurred prior to the effective date of Tex.R.App.P. 81(b)(2). This rule later became the touchstone for the *Watson* decision by the Amarillo Court and petition was refused by the Court of Criminal Appeals. The *Hoobler* Court did not address the issue of whether the error for failure to comply with the time requirement for filing the prosecutor's written consent and approval made any contribution to the defendant's conviction or punishment under Tex. R.App.P. 81(b)(2).

I believe it is relevant that the Court of Criminal Appeals denied the petition for discretionary review in *Watson* after the date of the *Hoobler* opinion and after the effective date of Tex.R.App.P. 81(b)(2).

Even though the Court of Criminal Appeals limits the holding in *Ex parte Collier* to cases involving habeas corpus relief or collateral attack, the Court will no longer set aside a conviction in such cases simply because the State's attorney failed to sign a jury waiver as long as it is otherwise obvious the State did in fact consent to the waiver. According to the *Watson* decision, cases on direct appeal need not be reversed for the technical reason of failing to comply with the time requirement for filing the prosecutor's written consent and approval to defendant's jury waiver under Tex.Code Crim.Proc.Ann. art. 1.13 (Vernon 1977). If the lack of the signature on the waiver by the State was "fundamental error" as claimed by the majority here, why wouldn't it be fundamental error in Habeas Corpus cases? *See Ex parte Collier.*

In the instant case, a judgment, akin to those in *Ex parte Collier* and *Watson,* shows that the State's attorney did in fact consent to the jury waiver. Although the State failed to reduce the consent to writing, it seems *"ridiculous"* and super technical to reverse a case under these circumstances. Here, the defendant waived his right to a jury trial in writing. The State also waived its right to jury trial, although it failed to file the written waiver prior to the trial. Why should a defendant successfully claim that a right given to the State of Texas would create fundamental error in the defendant's trial when no harm or constitutional violations occurred? The appellant, by failing to object at the time of trial (that the State failed to file its written waiver) has now, in my opinion waived any error, at this stage of the proceedings.

Appellant acknowledges he waived his right to trial by jury when he signed the waiver. Appellant asserts no harm, claims no harm and no harm is shown on appeal. He only argues that his guilty plea was received in violation of Tex.Code Crim. Proc.Ann. art. 1.13. (Vernon 1977). I do not hesitate nor should the majority hesitate to determine beyond a reasonable doubt that the error in proceedure made no contribution to appellant's conviction or to his punishment.

Although I would affirm the guilty plea of appellant Jorge A. Moncivaiz for burglary of a habitation based on the fact that there is no evidence in the record that appellant's rights were violated, there may be a better way to dispose of this case. I would abate the appeal, allow the State's

attorney to sign the waiver, and upon such signature, affirm the judgment of the trial court. If neither of these dispositions prove ultimately to be acceptable by the Court of Criminal Appeals, it is time for our Legislature to readdress this particular problem.