OPINION
FENDER, Chief Justice.
Appellant, Robert Lewis Dunbar, was convicted by a jury of the offense of attempted murder. See TEX.PENAL CODE ANN. secs. 15.01 (Vernon Supp.1988) and 19.02 (Vernon 1974). The judge assessed punishment at twenty-five years confinement in the Texas Department of Corrections.
We affirm.
A jury found the appellant guilty of attempted murder alleged to have been committed in Wichita County, Texas, on April 2, 1987. In the indictment, the State recited two enhancement paragraphs based on two prior felony convictions. At the sentencing phase the trial judge relied only on one of the enhancement paragraphs in assessing punishment. That paragraph is the subject of this appeal.
Appellant raises three points of error. Points one and two allege that the trial court erred in relying on the remaining enhancement paragraph as that conviction was enhanced by a conviction in which the State failed to sign a jury waiver. In point three appellant argues that the evidence was insufficient to support a finding of true to the first enhancement paragraph.
Points one and two state that the trial court erred in relying on the remaining enhancement paragraph. Appellant states that the conviction in the enhancement paragraph (Cause No. 2508, Gray County) was itself enhanced by a prior conviction (Cause No. 1332, Archer County), and that in Cause No. 1332 the State failed to sign the jury waiver form pursuant to TEX. CODE CRIM.PROC.ANN. arts. 1.13 and 1.15 (Vernon 1977). Appellant introduced evidence which showed that the defense attorney had signed the jury waiver in the spot reserved for the State’s attorney, and that the State’s attorney had not signed the document at all.
A prior conviction that was alleged for enhancement purposes may be collaterally attacked if it is void or if it is tainted by a constitutional defect. Gallo *135 way v. State, 578 S.W.2d 142, 143 (Tex.Crim.App. [Panel Op.] 1979). Lesser infirmities may not be raised by a collateral attack even if they might have resulted in a reversal had they been presented on a direct appeal. Id. Although the accused has a constitutional right to a trial by jury, see U.S. CONST, amend. VI and TEX. CONST, art. I, sec. 10, the State has no corresponding constitutional right. See State ex rel Turner v. McDonald, 676 S.W.2d 371, 373 (Tex.Crim.App.1984). It is only through the enactments of the State Legislature that the requirement arose that the prosecutor sign the jury waiver. Id. at 373-74. We find that the failure of the prosecutor to sign the jury waiver in Cause No. 1332 is a statutory defect and not a constitutional defect. Further, we find that this failure does not render the judgment void. The State’s consent to waive a jury trial is not essential to the district court’s power to decide criminal cases. State ex rel. Bryan v. McDonald, 681 S.W.2d 65, 67 (Tex.Crim.App.1984). This means the State’s consent is not jurisdictional, and that the failure to sign the jury waiver does not render the prior conviction in Cause No. 1332 void. Id. Thus, we hold that for enhancement purposes, .a prior conviction may not be collaterally attacked on the basis that the State has failed to sign a jury waiver form.
Appellant cites many cases for the proposition that the failure of the State to sign a jury waiver is reversible error on a direct appeal. See, e.g., Hoobler v. State, 730 S.W.2d 755, 756 (Tex.Crim.App.1987); Moncivaiz v. State, 752 S.W.2d 722 (Tex.App.—Corpus Christi 1988, no pet.). We find those cases to be inapplicable since this is a collateral attack. See Ex parte Aaron, 691 S.W.2d 680, 683 (Tex.Crim.App.1985); Moncivaiz, 752 S.W.2d at 724.
Appellant cites Ex parte Collier, 614 S.W.2d 429, 434 (Tex.Crim.App.1981) as holding that on collateral attack the failure of the State to sign a jury waiver is reversible if the appellant shows harm. We believe this case to be off point since it is a habeas corpus attack rather than an attack on an enhancement paragraph. We cannot believe the court of criminal appeals intended for the same rules to apply in both circumstances. Further, we believe appellant misunderstands the showing of harm that is needed. Appellant alleges he was harmed in that the trial judge relied on the enhancement paragraph which was based on a conviction enhanced by a prior conviction in which the State failed to sign a jury waiver. We find the kind of “harm” needed under Ex parte Collier to be harm at the original proceeding. Thus, appellant would have to show harm in Cause No. 1332 — which he has not done. Interpreting “harm” as appellant does would make the Ex parte Collier holding meaningless.
Appellant contends that the presumption of regularity applied to judgments is insufficient to rescue the conviction in Cause No. 1332. Specifically, appellant asserts that the recital in the judgment stated the State’s attorney had signed the written waiver while the proof showed he had not. This might have caused a reversal on a direct appeal. However, this evidence is meaningless in a collateral attack on an enhancement paragraph as it would not render the judgment void and does not go to a constitutional defect. Appellant’s points of error numbers one and two are overruled.
Appellant’s third point of error is that the evidence was insufficient to support a finding of true on the first enhancement paragraph. Appellant contends that since the prior conviction was void, the sentence in the present case was also void. We have already found that the prior conviction was not void. Appellant further argues that there was insufficient evidence to show that the requirements of section 12.42(b) of the Texas Penal Code had been met and that the present case could be enhanced.' We disagree.
The State introduced evidence of Cause No. 2508 (the one actually used in the enhancement paragraph) showing properly authenticated penitentiary packets including a judgment, sentence, and fingerprints of the appellant’s prior felony conviction. This is sufficient to meet the requirements of section 12.42. Gearing v. State, 685 S.W.2d 339, 343 (Tex.App.—Houston *136 [14th Dist.] 1988), aff'd on other grounds, 685 S.W.2d 326 (Tex.Crim.App.1985) (opinion on reh’g). Appellant introduced evidence to show the conviction was void. We have already ruled that this was not the case. Accordingly, we find the evidence sufficient to show appellant’s prior felony conviction and overrule appellant’s point of error number three.
The judgment of the trial court is affirmed.