**Gladys THOMAS, A/K/A Cathy Jackson, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 3–88–038–CR.**

Court of Appeals of Texas, Austin.

Dec. 14, 1988.

Terrey Cobb, Austin, for appellant.

Ronald Earle, Dist. Atty., Howard F. Meyer, Asst. Dist. Atty., Austin, for appellee.

Before SHANNON, C.J., and CARROLL and JONES, JJ.

PER CURIAM.

The district court found appellant guilty of burglary of a habitation and assessed punishment, enhanced pursuant to Tex. Pen.Code Ann. § 12.42(d) (Supp.1988), at imprisonment for twenty-five years. Tex. Pen.Code Ann. § 30.02 (1974). In her only point of error, appellant contends that her conviction must be reversed because trial by jury in this cause was not waived in accordance with Tex.Code Cr.P.Ann. art. 1.13 (1977).

Article 1.13 reads as follows:

The defendant in a criminal prosecution for any offense classified as a felony less than capital shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that such waiver must be made in person by the defendant in writing in open court

with the consent and approval of the court, and the attorney representing the State. The consent and approval by the court shall be entered of record on the minutes of the court, and the consent and approval of the attorney representing the State shall be in writing, signed by him, and filed in the papers of the cause before the defendant enters his plea. Before a defendant who has no attorney can agree to waive the jury, the court must appoint an attorney to represent him.

The record before us reflects, and appellant does not deny, that appellant, who was represented by counsel, personally waived her right to trial by jury in writing in open court; that this waiver was made with the consent and approval of the trial court and the attorney representing the State; that the court's consent and approval was entered of record on the minutes of the court; and that the consent and approval of the attorney representing the State was in writing and signed by him. The only flaw in the procedure reflected by the record and identified by appellant is that the State's written consent and approval of the jury waiver was not filed before appellant entered her plea, but instead was filed the day after appellant's trial.

The instant cause is distinguishable from *Hoobler v. State*, 730 S.W.2d 755 (Tex.Cr.App.1987) and *Lawrence v. State*, 626 S.W.2d 56 (Tex.Cr.App.1981), cited by appellant. In those cases, the attorney for the State never consented in writing to the jury waiver. The situation presented here is identical to that in *Watson v. State*, 730 S.W.2d 150 (Tex.App.1987, pet. ref'd), in which it was held that the untimely filing of the State's consent did not constitute reversible error.

The right of both the accused and the State to demand a trial by jury was preserved in this cause. All of the waivers, consents, and approvals required by art. 1.13 were made or given in the manner specified by the statute. Clearly, the error complained of did not contribute to the conviction or punishment. Tex.R.App.P. Ann. 81(b)(2) (Supp.1988). This Court declines to set aside this conviction merely because the State's unquestionably valid consent to the jury waiver was filed one day late.

The judgment of conviction is affirmed.