Clayton Daniel Wilson v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-255-CR

NO. 2-03-256-CR

NO. 2-03-257-CR

CLAYTON DANIEL WILSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In a bench trial, Appellant Clayton Daniel Wilson pled guilty to the first count of each of three indictments alleging aggravated sexual assault of a child.  The trial court judicially noticed his judicial confession in each case.  Appellant was sentenced to life in prison.  In one point, he complains that the evidence is insufficient under Article 1.15 to substantiate his guilt.
(footnote: 2)  Specifically, Appellant contends that while each boilerplate judicial confession provides that he “committed each and every allegation . . . contain[ed] [in the indictment], except those waived by the State”; that he is “guilty of the offense alleged therein as well as . . . all lesser included offenses, except those waived by the State”; and that “all the testimony [he] give[s] in this case will be the truth, the whole truth and nothing but the truth”; the judicial confessions do not state that all the 
facts
 alleged in the indictment are true or correct.  This is a distinction without a difference.  We affirm the trial court’s judgments.

A judicial confession standing alone is sufficient evidence of guilt in a felony case in which a defendant waives a jury and pleads guilty to the trial court.
(footnote: 3)  A judicial confession is sufficient if it contains the assertion that all the contents of the allegations in the indictment are true and correct or that the defendant admits that he committed each and every act alleged in the indictment.
(footnote: 4)  In his brief, Appellant confuses stipulations with judicial confessions.  Stipulations as to what evidence would be if presented in court do not concede the truthfulness of that evidence or otherwise waive the need for proof.
(footnote: 5)  Unlike a stipulation, a judicial confession does not reserve the right to challenge the truthfulness of the evidence and alleviates the need for further proof.
(footnote: 6)  We hold that Appellant’s judicial confessions are sufficient to substantiate his guilt under Article 1.15.  We therefore overrule his sole point  and affirm the trial court’s judgments.

PER CURIAM

PANEL F: DAUPHINOT, LIVINGSTON, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  February 26, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See 
Tex. Code Crim. Proc. Ann.
 art. 1.15 (Vernon Supp. 2004).

3:
Dinnery v. State
, 592 S.W.2d 343, 353 (Tex. Crim. App. [Panel Op.] 1980) (op. on reh'g).

4:
Potts v. State
, 571 S.W.2d 180, 182 (Tex. Crim. App. 1978); 
Alexander v. State
, 868 S.W.2d 356, 360 (Tex. App.—Dallas 1993, no pet.); 
Watson v. State
, 730 S.W.2d 150, 153 (Tex. App.—Amarillo 1987, pet. ref'd).

5:
Robinson v. State
, 739 S.W.2d 795, 799 n.5 (Tex. Crim. App. 1987).

6:
See 
Tex. Code Crim. Proc. Ann.
 art. 1.15; 
Dinnery
, 592 S.W.2d at 353.