COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
   
NO. 2-03-255-CR
NO. 2-03-256-CR
NO. 2-03-257-CR

  
CLAYTON 
DANIEL WILSON                                                    APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
------------
 
FROM 
THE 297TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        In 
a bench trial, Appellant Clayton Daniel Wilson pled guilty to the first count of 
each of three indictments alleging aggravated sexual assault of a child. The 
trial court judicially noticed his judicial confession in each case. Appellant 
was sentenced to life in prison. In one point, he complains that the evidence is 
insufficient under Article 1.15 to substantiate his guilt.[2]  
Specifically, Appellant contends that while each boilerplate judicial confession 
provides that he “committed each and every allegation . . . contain[ed] [in 
the indictment], except those waived by the State”; that he is “guilty of 
the offense alleged therein as well as . . . all lesser included offenses, 
except those waived by the State”; and that “all the testimony [he] give[s] 
in this case will be the truth, the whole truth and nothing but the truth”; 
the judicial confessions do not state that all the facts alleged in the 
indictment are true or correct. This is a distinction without a difference. We 
affirm the trial court’s judgments.
        A 
judicial confession standing alone is sufficient evidence of guilt in a felony 
case in which a defendant waives a jury and pleads guilty to the trial court.[3]  A judicial confession is sufficient if it contains 
the assertion that all the contents of the allegations in the indictment are 
true and correct or that the defendant admits that he committed each and every 
act alleged in the indictment.[4]  In his brief, 
Appellant confuses stipulations with judicial confessions. Stipulations as to 
what evidence would be if presented in court do not concede the truthfulness of 
that evidence or otherwise waive the need for proof.[5]  
Unlike a stipulation, a judicial confession does not reserve the right to 
challenge the truthfulness of the evidence and alleviates the need for further 
proof.[6]  We hold that Appellant’s judicial 
confessions are sufficient to substantiate his guilt under Article 1.15. We 
therefore overrule his sole point and affirm the trial court’s judgments.

  
                                                                           PER 
CURIAM

   
PANEL F:   DAUPHINOT, 
LIVINGSTON, and HOLMAN, JJ.
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: 
February 26, 2004


 
NOTES
1. 
See Tex. R. App. P. 47.4.
2. 
See Tex. Code Crim. Proc. Ann. art. 1.15 (Vernon Supp. 2004).
3. 
Dinnery v. State, 592 S.W.2d 343, 353 (Tex. Crim. App. [Panel Op.] 1980) 
(op. on reh'g).
4. 
Potts v. State, 571 S.W.2d 180, 182 (Tex. Crim. App. 1978); Alexander 
v. State, 868 S.W.2d 356, 360 (Tex. App.—Dallas 1993, no pet.); Watson 
v. State, 730 S.W.2d 150, 153 (Tex. App.—Amarillo 1987, pet. ref'd).
5. 
Robinson v. State, 739 S.W.2d 795, 799 n.5 (Tex. Crim. App. 1987).
6. 
See Tex. Code Crim. Proc. Ann. art. 1.15; Dinnery, 592 
S.W.2d at 353.